Mrs. Severn T. **WALLIS** and Security Insurance Company of New Haven,
Plaintiffs,

v.

**UNITED STATES** of America,
Defendant.

Civ. A. No. 239.

United States District Court,
E. D. North Carolina,
Fayetteville Division.

Dec. 20, 1954.

See also 102 F.Supp. 211.

Cook & Cook, Rose & Sanford, Fayetteville, N. C., for plaintiffs.

Julian T. Gaskill, U. S. Atty., Goldsboro, N. C., for defendant.

GILLIAM, District Judge.

This action was instituted by Mrs. Severn T. Wallis under the Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., against the United States, and by order the Security Insurance Company of New Haven was made a party plaintiff.

The United States has moved for dismissal upon summary judgment and has filed the affidavit of an Assistant United States Attorney in support of its motion; plaintiffs have filed no contra affidavits.

From the pleadings and the affidavit, these facts appear:

On and prior to the 3rd day of September, 1946, Severn T. Wallis was on active duty with the rank of Colonel of the United States Army, stationed at Fort Bragg, N. C.; upon his transfer to Japan for military duty on that date he delivered certain household furniture and other personal property to Army authorities for packing, shipping and storage; this property was packed at Fort Bragg and shipped to a warehouse in Virginia for storage under Army control; later it was shipped by rail from storage to the home of Colonel Wallis and his wife at Southern Pines, N. C., where it arrived in a damaged condition; after the property was delivered to the Army for packing, Mrs. Wallis had the property insured in her own name as her property against loss or damage with the Security Insurance Company of New Haven; Mrs.

Wallis filed claim for damage with the insurer in the amount of $1,495, and insurer paid her the sum of $1,152; thereafter, Colonel Wallis presented a claim against the United States Army under applicable provisions and regulations for $342, the difference between the alleged damage, $1,495, and $1,152, which was paid to Mrs. Wallis by the insurer, claiming sole ownership of the property. In accord with the provisions of the Military Personnel Claims Act of 1945, 31 U.S.C.A. § 222c, and under AR 25–100, paragraph 3k, as amended August 2, 1946, 32 C.F.R., Sec. 536–27, this claim of Colonel Wallis was paid in full.

Neither Colonel Wallis nor his wife is interested in the result of the action, as their claim for damages has been fully satisfied; the insurer, claiming to be subrogated to the rights of Colonel Wallis and his wife, is the real party in interest.

As stated in United States v. Munsey Trust Company, 332 U.S. 234, 242, 67 S.Ct. 1599, 1603, 91 L.Ed. 2022: "For it is elementary that one cannot acquire by subrogation what another whose rights he claims did not have." So, the question is whether Mrs. Wallis, wife of Colonel Wallis, could maintain an action under the Tort Claims Act for the damage to the furniture, which, no doubt, was the community property of both.

In Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 159, 95 L.Ed. 152, it was held that suits by servicemen for personal injuries which "arise out of or are in the course of activity incident to service" are not maintainable under the Tort Claims Act, and I am of the opinion that the same rule should be applied in actions for property losses. The reasoning in the Feres case seems to me to support this conclusion. As I view it, the Colonel's loss was "incident to service" and, therefore, he could not recover under the Tort Claims Act for his own loss. May there, then, be a recovery by the wife for damage to the community property?

The identical question here presented was considered in Fidelity-Phenix Fire Insurance Company v. United States, D.C., 111 F.Supp. 899, 904, and the opinion ably discusses the various enactments of Congress leading up to the passage of the Military Personnel Claims Act of 1945, which the Court holds to be the single, comprehensive and exclusive remedy for property losses of military personnel incident to their service.

In that case the Insurance Company sued the United States, alleging subrogation to the rights of servicemen with respect to property losses sustained. The servicemen were on active duty when the losses were sustained, as is the case here. It was stipulated in the case that the duties of the Air Force personnel whose property was damaged did not involve any phase of the maintenance, servicing, loading, operation, dispatch or control over the plane which crashed and caused the property losses and the Insurance Company claimed, therefore, that the losses were not " 'incident to their service' ". It was held that, notwithstanding enactment of the Federal Tort Claims Act, it was the intention of Congress that the Military Personnel Claims Act should remain as the exclusive remedy for property losses of military personnel incident to their service; and that the term " 'incident to their service' ", appearing in the latter Act, was not used in a restricted sense, but in a general sense to indicate that the loss must bear some substantial relation to claimant's military service. That case also held that if loss of personal property for which claim is made against the United States was incident to the claimant's service in the armed services, reimbursement must be sought under the Military Personnel Claims Act, regardless of who owns the property; and that suits against the United States under Federal Tort Claims Act by insurers to recover for the service-connected property losses of military personnel are not authorized, in view of the Military Personnel Claims Act, and regulations promulgated thereunder. The reasoning in

that case seems sound and I will follow it here.

While it is found that the property damaged was owned jointly by Colonel Wallis and his wife, whether it belonged to both or solely to Mrs. Wallis the conclusion must be the same, for if it belonged solely to Mrs. Wallis the storage and transportation at public expense was not authorized by law and the United States owed no duty to her, perhaps, except to refrain from wilfully damaging it. No such allegation is made.

In the case in 111 F.Supp. 899 (above mentioned) the property damaged was the community property of claimants and their respective wives, and it was contended that the loss by a wife of her interest cannot be said to be incident to the service of her husband, and, therefore, not compensable under the Military Personnel Claims Act, but, as pointed out there: "The ownership of the property has nothing to do with whether or not its loss was incident to service." A claim for loss of or damage to property incident to transportation by a carrier, an agent or agency of the Government, or private conveyance, is payable under the Military Personnel Claims Act, if incident to service, regardless of ownership, even if borrowed.

By the specific terms of the regulations, 10 C.F.R.1945 Supp., 306.27, losses covered by insurance, and losses by subrogees, are not payable. For this reason, in the settlement with Colonel Wallis the amount paid by the Insurance Company was deducted. The claim, less that covered by insurance, was clearly payable under the Military Personnel Claims Act and was paid. No claim can be sustained under the Federal Tort Claims Act.

Thus, the plaintiff is left without a remedy, but the present statutory law seems to leave it that way. Undoubtedly, no claim against the United States may be successfully asserted in the absence of such authority.

The two cases cited by plaintiff are: United States v. Gaidys, 10 Cir., 194 F.2d 762, and Lund v. United States, D.C., 104 F.Supp. 756. The Gaidys case is not opposed to the conclusion above reached, since in that case the plaintiffs were not in the military service. While decision reached in the Lund case is contrary to my conclusion, I prefer not to follow it.

It follows that the United States is entitled to summary judgment and the United States Attorney will present such judgment.