**Donald H. PRATT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 62–173.

United States District Court
D. Massachusetts.

June 5, 1962.

———◆———

Shair & Gorfinkle, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., Wm. M. Gibson, Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This matter came before the Court on the Government's motion to dismiss or in the alternative for summary judgment. At the oral argument of the motion counsel for plaintiff agreed with the Assistant United States Attorney's statement that there is no factual dispute involved herein. The motion will be considered by the Court, therefore, as a motion for summary judgment.

The Government's position is that plaintiff is precluded from recovery because of the decision of the Supreme Court in Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), and because of decisions of the Courts of Appeal for the Fifth, Eighth and Ninth Circuits extending the so-called Feres doctrine to prevent recovery for damage to property of servicemen where the damage was sustained incident to their military service. Plaintiff seeks to recover $148.00 for damage to his car which was properly parked in a parking area at Otis Air Force Base, where plaintiff was on active duty as an Air Force Lieutenant. The damage was caused by a negligently operated Government vehicle, the driver of which was acting in the scope of his employment. Plaintiff relies on Lund v. United States, 104 F. Supp. 756 (D.Mass.1952), which allowed recovery on a set of facts not distinguishable from the instant case in any material particular.

I am persuaded that the later opinions of the Court of Appeals for the Ninth Circuit in Preferred Insurance Co. v. United States, 222 F.2d 942 (1955), the Court of Appeals for the Fifth Circuit in Zoula v. United States, 217 F. 2d 81 (1955), and the Court of Appeals for the Eighth Circuit in United States v. United Services Auto Ass'n, 238 F.2d 364 (1956), all of which consider and reject Lund, correctly construe the phrase "incident to service" and correctly state the law applicable to the facts involved herein. I decline to follow Lund.

Motion for summary judgment allowed.