Mack Clyde TESTON, As Administrator of the Estate of Thomas Eugene Teston, Plaintiff,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 8289.

United States District Court
E. D. South Carolina,
Charleston Division.

April 5, 1965.

Falcon B. Hawkins and Ernest F. Hollings, Charleston, S. C., for plaintiff.

Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant.

HEMPHILL, Chief Judge.

Motion by defendant for Summary Judgment under Rule 56, Fed.Rules Civ. Proc.; the Court heard arguments of counsel as to whether or not the United States is liable under the Federal Tort Claims Act for injuries to a member of the Armed Forces while on active duty and not on furlough where the injuries arise out of or in the course of activity incident to service.

Salient features of the complaint allege:

"That, heretofore, upon information and belief, on May 24, 1963, at or about the time of 6:45 P.M., Plaintiff's intestate, a Private in the United States Army, of the age of twenty-four (24) years, while off duty, was a passenger in a government owned military vehicle, which was on an authorized trip to Tappan, New York, from Orangeburg, New York, which was an authorized route for Army personnel, when the driver of said military vehicle negligently and carelessly lost control of the vehicle, causing it to go off the road, collide with a tree, and overturn, pinning the Plaintiff's intestate under the vehicle, and crushing and mangling his body with such severe and painful injuries, which soon thereafter caused his death.

"That, upon information and belief, the truck within which the Plaintiff's intestate was riding was owned by the United States Army, and was at the time of the collision be-

ing used by the United States Army, while the driver thereof was acting in an official capacity on behalf of the United States Army, acting in the scope of his duties and employment."

The Government, placing its principal reliance on Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152, says that Brooks v. United States, 337 U.S. 49, 69 S.Ct. 918, 93 L.Ed. 1200, is in effect an "exception" to Feres, and that Brooks should be construed strictly having regard for the facts as they developed therein. Also cited is Ritzman v. Trent, 125 F.Supp. 664 (E.D.N.C.1954); Zoula v. United States, 217 F.2d 81 (5th Cir. 1955); United States v. Muniz, 374 U. S. 150, 155, 83 S.Ct. 1850, 10 L.Ed.2d 805; and Buer v. United States, 241 F.2d 3 (7th Cir. 1957). This Court is not persuaded that these facts establish as a matter of law that defendant is entitled to Summary Judgment under Rule 56.

Defendant contends that all the affidavits it has submitted show that the deceased, at the time of the accident which resulted in his death, was not on "pass", and thus comes within the cited cases which bar recovery as a matter of law. Plaintiff, in opposition, has produced a letter from the deceased's Commanding Officer to his parents which states: "Investigation of the accident reveals that Thomas (the deceased) in the company of a friend from the battery were preparing, *while off duty*, to visit a nearby town." (Emphasis supplied.)

It is apparent that there is a "genuine issue as to (a) * * * material fact" within the meaning of the Rule and that the Government is not entitled to a Summary Judgment as a matter of law.

It is thus apparent that defendant's motion for Summary Judgment should be denied, and is denied.

Discovery not having been completed the case is continued beyond the term.

And it is so ordered.