H. H. HAMBY, Plaintiff,

v.

JOHNSON MOTOR LINES, INC., and Local Union #509 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Defendants.

Civ. A. No. 4768.

United States District Court
W. D. South Carolina,
Greenville Division.

June 26, 1965.

W. Ray Barry, of Fulmer, Barnes, Berry & Austin, Columbia, S. C., for plaintiff.

J. D. Todd, Jr., of Leatherwood, Walker, Todd & Mann, Greenville, S. C., for defendant Johnson Motor Lines, Inc.

Theodore W. Law, Jr., of Law, Kirkland, Aaron & Alley, Columbia, S. C., for defendant Local Union #509 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

HEMPHILL, District Judge.

Action by plaintiff for wrongful discharge and Motions for Summary Judgment by both defendants are before the Court. While the motion of defendant Local Union #509 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America is some thirty-four pages long, the grounds stated are actually two in number and are basically the same as those of defendant Johnson Motor Lines, Inc., which are: (1) that there was no conspiracy between the defendants in the discharge of the plaintiff in that he was discharged in accordance with the provisions of the contract existing between defendants, and (2) that the deposition of plaintiff and the attached exhibits show that there was no conspiracy between defendants to discharge plaintiff from his employment with defendant Johnson Motor Lines.

It will be necessary, in order to understand the issues, to briefly state the facts as shown by the pleadings and to refer occasionally to the testimony of plaintiff as given in the deposition taken on October 8, 1964.

The Complaint alleges that plaintiff was, from August 1949 through November 15, 1962, an employee of defendant Johnson Motor Lines, Inc., as an over-the-road driver and that he was, during said employment a member of the collective bargaining agreement between the two. Further alleged is that the Employer and

Union, through its business agent, conspired to and did, on November 15, 1962, terminate plaintiff's employment in violation of the existing Employment Contract. Prayed for is judgment against both defendants in the amount of $175,000, actual and punitive damages.

The Answer of defendant Union consisted of a general denial; whereas, Johnson Motor Lines, Inc., denied the existence of any conspiracy and alleged that the termination of plaintiff's employment was in accordance with the existing contract between the Employer and the Union.

■ In considering defendants' motions, the Court must be mindful that Summary Judgment cannot be granted if there is a genuine issue as to a material fact. If there is such issue, there is no entitlement to Summary Judgment as a matter of law. Rule 56(c), Fed. Rules Civ.Pro.; Teston v. United States, 37 F.R.D. 226, 227 (E.D.S.C.1965).

■ The first ground of defendants' motion is that there is no conspiracy between them in that plaintiff was discharged in accordance with the collective bargaining agreement.

There is no conflict as to the applicable portion of the Agreement for Paragraph 5 thereof was quoted verbatim in the Complaint and in defendants' brief. It is lengthy and to quote it in full would serve no useful purpose. Suffice it to say that it provides that the Employer will not discharge an Employee without just cause and in respect to discharge, shall give at least one warning notice of a complaint in writing except that no notice shall be given for "recklessness resulting in serious accidents while on duty."

Defendants contend that plaintiff was discharged as a result of a preventable accident which occurred on November 9, 1962, near Gray, Georgia, while he was driving one of Johnson Motor Lines, Inc. tractor and trailer units.

Plaintiff's testimony concerning the wreck is for the most part contained on pages thirteen through eighteen of his deposition. His testimony in essence is that while going down a slight grade at a speed of approximately forty miles per hour, his unit jackknifed. He stated under repeated questioning that he could not say what caused the unit to jackknife. There is no evidence before the Court that would indicate what action or actions on the part of plaintiff in the operation of the unit amounted to recklessness.

Mere lack of explanation does not warrant a finding, as a matter of law, that plaintiff was reckless. He was rendered unconscious by the accident, how can this Court say that there was not some sort of amnesia from the trauma of the accident? There is no suggestion in the pleadings, or in the deposition, that plaintiff will claim that he does not remember for that reason, but there is no testimony from any one else who may have witnessed the fateful misadventure that plaintiff was "reckless." Accordingly, as a matter of law, it cannot be said that there is no factual issue thereabout.

Defendants' second ground in support of their motion to dismiss is that under the testimony of plaintiff as given in the deposition, there was no conspiracy.

Defendants rely on several answers given by plaintiff on page 32 of the deposition. The testimony reads as follows:

Q. The question I am asking you is what evidence do you have that the company knew anything about that?

A. I don't have no evidence.

Q. Don't have any evidence of that, do you?

A. No sir.

Q. Well, why did you allege it in your Complaint?

A. It all pointed to that.

Q. You are just supposing, is that right?

Of course, the Court must look at the entire record. On the preceding pages, plaintiff had testified how the Union's business agent had allegedly attempted to hire three men to work on Johnson Motor Lines' loading dock for one day for the purpose of picking a fight with plaintiff. Of course, this type of pugilistic engagement would result in plaintiff's being summarily discharged.

Defendants' counsel, on page 34 of the transcript, asked plaintiff: "Why did you say that Johnson Motor Lines conspired with Mr. Wood to do that?" and plaintiff replied, "Samples would have had to," which was followed by the following:

Q. Why?

A. If they were going to get a day's work and Joe had done promised them to give them a day's work out there for that purpose.

Q. Do you contend the Company knew about Joe Wood's arrangement or attempting to get these fellows to pick a fight with you?

A. I don't see why they didn't.

Q. Why would they?

A. Because Joe had been going out there all the time talking about me which I didn't know at the time until these boys told me.

Q. What is your evidence that the company knew anything about this alleged arrangement with Joe Woods to get three men to try to pick a fight with you?

A. I didn't know it at the time. They come to me after that and told me they had.

Plaintiff subsequently stated that he had been warned by the dispatcher of the defendant Johnson Motor Lines, Inc., that Samples, the defendant's terminal manager, had instructed him (the dispatcher) to get something on plaintiff, that plaintiff had to go.

It is rare in a conspiracy case to find direct evidence of the conspiracy. Conspiracy, is, because of its nature, most often deduced from the conduct of the parties. That is, in an action for conspiracy, proof by direct and positive evidence is not necessary and ofttimes impossible to secure, "for a conspiracy generally must be proved by a number of indefinite acts, conditions, and circumstances varying with the purpose to be accomplished." 16 Am.Jur.2d Conspiracy, § 36. Circumstantial evidence is accepted to prove conspiracy. 16 Am.Jur. 2d Conspiracy, § 59. Applying this rule to the facts appearing here, it is impossible for this Court to hold that there are no issues of fact. It is for the jury to determine from the plaintiff's testimony and any other testimony which plaintiff and defendants might introduce under proper instructions from the Court whether or not defendants are guilty of conspiracy.

No statement by this Court should be interpreted as an expression or indication that defendants are or are not guilty of a conspiracy. Only stated is that it is an issue for the jury.

For the foregoing reasons, the defendants' Motions for Summary Judgment are denied.

And it is so ordered.