UNITED SERVICES AUTOMOBILE AS-SOCIATION, as Subrogee of Lewis R. Stark, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 66 Civ. 3556.

United States District Court
S. D. New York.

May 27, 1968.

Bower, O'Connor & Taylor, New York City, for plaintiff.

Robert M. Morgenthau, U. S. Atty., for the Southern District of New York, for defendant; Michael D. Hess, New York City, of counsel.

## MEMORANDUM

TENNEY, District Judge.

Defendant moves herein for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The present action was commenced under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80, and is brought by plaintiff United Services Automobile Association as subrogee of Captain Lewis R. Stark pursuant to a subrogation agreement contained in an insurance policy between subrogor and plaintiff-insurer.

The action grows out of an automobile collision between a private automobile driven by subrogor, an officer of the United States Air Force, and an army vehicle driven by military personnel. The amended complaint charges that the Government was negligent in the operation of its vehicle and demands judgment in the amount of $785.00 for damage to the private automobile driven by Stark.

The facts would not appear to be disputed and may be briefly summarized as follows:

On or about January 12, 1965, Captain Lewis R. Stark, on active duty with the United States Air Force and serving as Chief, Program Branch, 26th Air Division, asked for and received permission from his supervisor to take his wife to the West Point Army Hospital for an appointment on the following morning. In issuing the pass to Captain Stark, his supervisor was required to make an affirmative determination that a pass would "alleviate personal problems incident to military service".

On the following day, January 13, 1965, at 9:15 A.M., Captain Stark and his wife were proceeding south on Route 9W near Cornwall, New York, in the direction of the West Point Hospital. A dump truck, owned by the United States Army, and driven by Private Lyle D. Blaisdale, was also traveling south on Route 9W on an authorized mission. Desiring to join another army vehicle which was proceeding in the opposite direction in the northbound lane, Private Blaisdale began to enter the passing lane with the intention of turning left and crossing through the entrance strip in the median of the highway. As he was making this movement, the car driven by Captain Stark approached from the rear and attempted to pass the Government vehicle. Captain Stark's car

struck the left front fender of the dump truck, causing the damage involved in this case.

■ The Court is not unmindful of the fact that summary judgment should not be granted where there are material issues in dispute. DeSousa v. Panama Canal Co., 202 F.Supp. 22 (S.D.N.Y. 1962); Rosen v. United States, 126 F. Supp. 13 (E.D.N.Y.1954). However, summary judgment is appropriate where, had a case gone to trial, a directed verdict would have been required. Chambers v. United States, 357 F.2d 224 (8th Cir. 1966).

■ The sole issue for determination is whether the property damage involved herein arose out of or was incident to Captain Stark's military service. Feres v. United States, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950). It seems clear that the holding in *Feres* is applicable not only in the case of personal injuries but also in the case of property damage. United States v. United Servs. Auto. Ass'n, 238 F.2d 364 (8th Cir. 1956); Preferred Ins. Co. v. United States, 222 F.2d 942 (9th Cir.), cert. denied, 350 U.S. 837, 76 S.Ct. 74, 100 L. Ed. 747 (1955). See also Zoula v. United States, 217 F.2d 81 (5th Cir. 1954).

■ It is apparent that Captain Stark, at the time of the damage to his automobile, enjoyed the peculiar and special relationship of the soldier to his superior and that he comes within the scope of the Feres doctrine which forecloses a serviceman, engaged in activity incident to military service at the time damage is incurred, from recovering against the United States under the Federal Tort Claims Act.

■ Since Captain Stark would be barred from recovery and since an insurer can take nothing by subrogation except such rights as the insured had, the plaintiff subrogee is similarly barred from recovery. United States v. United Servs. Auto. Ass'n, supra; Preferred Ins. Co. v. United States, supra. This, of course, does not mean that plaintiff has no remedy. There has

been filed with the Court an affidavit of Thomas C. Marmon, Colonel JAGC, Chief of the United States Army Claims Service, dated May 13, 1968, to the effect that the present claim will remain open for consideration by the United States Army Claims Service under the provisions of the so-called "Military Claims Act", 10 U.S.C. § 2733, and Army Regulation No. 27-21, upon determination of the within proceedings.

Accordingly, defendant's motion for summary judgment is granted.

So ordered.