**Jimmie Dale THOMASON,
Plaintiff,**

**v.**

**John H. SANCHEZ et al., Defendants.**

**Jimmie Dale THOMASON, Plaintiff,**

**v.**

**John H. SANCHEZ et al., Defendants.**

**Civ. A. Nos. 74–1831, 74–1832.**

United States District Court,
D. of New Jersey,
Civil Division.

Aug. 1, 1975.

Molotsky, Rabkin & Gross, by Ira Rabkin, Haddonfield, N. J., for plaintiff.

Roy D. Cummins, Pennsauken, N. J., for defendants Sanchez and Geico.

Jonathan L. Goldstein, U. S. Atty., by Maryanne T. Desmond, Asst. U. S. Atty., Newark, N. J., for the United States.

## OPINION

CLARKSON S. FISHER, District Judge.

This action involves a multiplicity of suits, most of which have now been consolidated, based on identical factual contentions.

Civil 74–1831 is an action for declaratory judgment brought pursuant to 28 U.S.C.A. § 2201, in which the named defendants are John Sanchez, Government Employees Insurance Company (hereinafter "GEICO") and the United States of America. Jurisdiction is invoked under the Federal Tort Claims Act (FTCA), 28 U.S.C.A. § 2671 *et seq.* and/or the Federal Drivers Act, 28 U.S.C.A. § 2679(b)–(e). Jurisdiction is further based on diversity of citizenship, plaintiff being a citizen of Texas while defendant Sanchez is a resident of New Jersey and defendant GEICO is a corporation organized and existing under the laws of the District of Columbia.

Civil 74–1832, an action in tort for damages, was filed by plaintiff on November 21, 1974 against Sanchez and the United States. In view of the fact that the suit was prematurely brought against the United States prior to the lapse of a six month period between the time of filing the administrative claim of July 9, 1974 and the time of filing this action, plaintiff, upon learning of this defect, immediately commenced Civil 75–408, alleging the exact contentions as those claimed in Civil 74–1832. This action was taken in order to enable the plaintiff to obtain jurisdiction over defendant Sanchez in Civil 74–1832 and over defendant United States in Civil 75–408, pursuant to a consent order executed by the parties on April 28, 1975, in which defendant United States was dismissed in Civil 74–1832 only and defendant Sanchez was dismissed in Civil 75–408 only.

The final suit brought in this matter is Civil 75–840. This tort action, involving the same factual contentions as those in the above discussed suits, was originally instituted in Superior Court, Law Division, Burlington County and has now been removed to this Court, pursuant to 28 U.S.C.A. § 2679(d), on certification by the Attorney General that defendant Sanchez was acting within the scope of his employment. A motion to dismiss has been filed in this action by defendant Sanchez. However, at the request of counsel, the Court has withheld decision on such motion until disposition of the declaratory judgment action. These latter three suits, 74–1832, 75–408 and 75–840, have now been consolidated by consent order of May 27, 1975.

Plaintiff, a member of the United States Army stationed at Fort Dix, N. J., was operating a motorcycle on the base on November 30, 1972. While not within his "duty hours", he was struck by an automobile operated by defendant Sanchez, who was then performing his assigned tasks as a member of the Army. Sanchez was covered by an auto-

mobile insurance policy issued by defendant GEICO.

There are cross-motions for summary judgment before the Court brought by plaintiff and the United States in the declaratory judgment suit. Plaintiff avers therein that the FTCA purportedly holds that a member of the armed forces on the military post to which he is assigned, while not within the performance of his duties, may not invoke the FTCA. The effect of this contention is to deny plaintiff a remedy against the United States. Further, the provisions of the FDA provide that an individual injured by the alleged negligence of an employee of the Federal Government who was acting within the scope of his employment at the time of the accident may not sue the alleged tortfeasor individually, but may only bring suit against the United States. Plaintiff, therefore, asks this Court to resolve the apparent conflict between these federal statutes which appear to preclude him from recovery. He seeks a declaration that he cannot be deprived of his common law and constitutional rights to bring suit and to receive full and just compensation for his injuries.

Under the long-established doctrine of sovereign immunity, a governmental body cannot be sued unless it expressly waives its right to immunity from suit. However, with the enactment of the Federal Tort Claims Act, the United States Government did, in fact, waive its immunity by rendering itself liable for tort claims, "in the same manner and to the same extent as a private individual under like circumstances . . .", 28 U.S.C.A. § 2674. In the leading case of *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court stated:

"The Tort Claims Act was not an isolated and spontaneous flash of congressional generosity. It marks the culmination of a long effort to mitigate unjust consequences of sovereign immunity from suit." *Id.* at 139, 71 S.Ct. at 156.

The initial decision in determining whether recovery is allowed under the FTCA for personal injuries to or the death of a serviceman was decided in the affirmative in *Brooks v. United States,* 337 U.S. 49, 69 S.Ct. 918, 93 L. Ed. 1200 (1949). In *Brooks,* two servicemen were riding in an automobile on a public highway when their vehicle was struck by an Army truck, resulting in death to one and injuries to the other. It was held that servicemen were not precluded from relief under the Act provided that the injuries on which the claim was based were not incident to their service. "Were the accident incident to the ·Brooks' service, a wholly different case would be presented. We express no opinion as to it . . .". *Id.,* at 52, 69 S.Ct. at 920.

However, one year later, the United States Supreme Court was faced with the "incident to service" issue in *Feres, supra.* That opinion involves three cases which were consolidated in view of the common underlying fact that in each instance, recovery was sought for injuries sustained by a serviceman while on active duty and not on furlough or pass, which resulted from the negligence of another member of the Armed Forces. In *Feres,* claimant sought recovery for the death of an officer who perished in a fire while sleeping in allegedly unsafe barracks. The *Jefferson v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L. Ed. 152 and *United States v. Griggs,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 cases involved claims based on medical malpractice.

The Supreme Court, in denying governmental liability, distinguished *Brooks, supra* on the basis that "Brooks' relationship while on leave was not analogous to that of a soldier injured while performing duties under orders." 340 U.S. at 146, 71 S.Ct. at 159. Here, the court concluded that "the Government is not liable under the Federal Tort Claims

Act for injuries to servicemen where the injuries arise out of or are in the course of activity *incident to service."* (emphasis added). *Id.*

It is the phrase "incident to service" which, in its increasingly broad construction by the courts, has led to a great deal of difficulty. In *Ritzman v. Trent,* 125 F.Supp. 664 (E.D.N.C.1954), the court denied a soldier's claim for recovery under the FTCA for injuries sustained when his automobile was struck by a vehicle which had in turn been struck by a United States vehicle. Plaintiff was a member of the Army stationed at Fort Bragg who, at the time of the accident, was not on leave or furlough. Rather, he was on the base engaged in repairing a private automobile, with his activity in no way related to the performance of any military duty. In spite of these circumstances, the court denied recovery, holding that his injuries were incident to service

> " . . . as much so as the death of the serviceman in the *Feres* case, who was asleep in his barracks at the time of the fatal fire. While plaintiff here had been relieved of specific duty during the balance of the day on which he was hurt, so the decedent in the *Feres* case had been relieved of specific duty during the night on which he was burned to death in his barracks. In both cases the soldier was on active duty in the service of the United States, and of course, at the time, was subject to call for military duty." 125 F.Supp. at 665.

The Court of Appeals for the Eighth Circuit more recently has held that the plaintiff, a military reservist traveling in uniform to a weekend drill, was engaged in "activity incident to military service" and thereby precluded from recovery under the FTCA for injuries sustained as a result of the crash of the military aircraft in which he was a passenger, although plaintiff had the option of traveling by whatever means he chose and was not acting under orders at the time of the accident. *United States v. Carroll,* 369 F.2d 618 (8th Cir. 1966). The Court of Appeals for the Third Circuit, as well, in a per curiam decision, has upheld the continued viability of the *Feres* doctrine. *Peluso v. United States,* 474 F.2d 605, (3d Cir. 1973), *cert. denied,* 414 U.S. 879, 94 S.Ct. 50, 38 L.Ed. 2d 124 (1973).

The *Peluso* action was brought pursuant to the FTCA, as a survival action by the administrator and a wrongful death action by the parents of decedent, a member of the New Hampshire National Guard who died while on active duty with the United States Army at Fort Dix, N. J. During his service at that post, he allegedly received negligent treatment for an abdominal condition which resulted in his death. The Court of Appeals for the Third Circuit, although expressing its reluctance to adhere to *Feres,* deemed the case controlling until such time that the Supreme Court alters the principle or Congressional action remedies the results of the doctrine.

> "The rationale of *Feres* was (1) that the relationship between a soldier and the United States was distinctly federal, while the Federal Tort Claims Act referred, for governing law, to the place where the act or omission occurred, and (2) that there was a federally funded care and compensation system for military personnel. For these reasons the (Supreme) Court concluded that (the) Federal Tort Claims Act should not be construed to apply to armed services personnel for injuries not only in the course of but also arising out of activity incident to service." *Id.* at 606.

The Court went further in stating its disenchantment with *Feres.* "If the matter were open to us we would be receptive to appellants' argument that *Feres* should be reconsidered, and perhaps restricted to injuries occurring directly in the course of service. But the case is controlling." *Id.* c .f. *Sheppard*

*v. United States*, 369 F.2d 272 (3d Cir. 1966); *Bailey v. DeQuevedo*, 375 F.2d 72 (3d Cir. 1967).

The fact that Thomason was in a "present for duty" status and not on any type of leave or pass, as sworn to in an affidavit by Captain James A. Kerchman, Commander of the Medical Company at Fort Dix, brings plaintiff within the ambit of *Feres*, thereby negating the applicability of the FTCA. However, in view of the fact that he was in a line of duty status at the time his injuries were incurred, Thomason became eligible for the benefits accruing to a member of the United States Army.

The liability of GEICO as the insurer of defendant Sanchez must also be examined. In the state court proceedings, which have now been removed pursuant to 28 U.S.C.A. § 2679(d), counsel for GEICO referred to Exclusion K of the insured's policy, which states as follows:

"Exclusions—This policy does not apply under Part I (Liability)

(K) to the following as insureds

(1) the United States of America or any of its agencies, or

(2) any person, including the named insured, if protection is afforded such person under the provisions of the Federal Tort Claims Act."

Under existing case law, however, this section is inapplicable as protection is, in fact, not afforded by the FTCA. Therefore, it would appear that plaintiff should be able to assert his claim solely against the individual tortfeasor, Sanchez and his insurer. Yet can he actually make such a claim against the defendants?

By enactment of the Federal Drivers Act, Congress sought to protect the individual federal employee from personal tort liability. This was accomplished by designating suit against the United States under the FTCA the exclusive remedy for damages sustained as a result of negligent operation of a motor vehicle by a federal employee acting within the scope of his employment. 28

U.S.C.A. § 2679(b). See Annotation in 16 A.L.R.3d 1394. In order, however, to claim the benefit of this exclusiveness of remedy against the government, the individual defendant must have been acting within the scope of his employment and must receive certification thereto from the Attorney General, pursuant to 28 U.S.C.A. § 2679(d), which provides as follows:

(d) Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

Yet, the previous discussion leaves little doubt that under the *Feres* decision, remedy against the United states under the FTCA does not, in fact, exist as Thomason's duties must be construed as having been incident to service. There must be an independent determination by the court, then, as to whether Sanchez was acting within the scope of his employment, so as to preclude recovery from him individually.

The facts reveal that at the time of the collision Sanchez was operating his own vehicle, returning from procuring change for the use of Annex #1 of the Non-Commissioned Officers' Club at Fort Dix, N. J., of which he was in

charge. This finding is substantiated by affidavit of Sanchez of April 3, 1975 indicating that he was within the scope of his employment.

A verified petition for removal has been executed by Maryanne T. Desmond, Assistant United States Attorney, which certifies that defendant John Sanchez was acting within the scope of his employment at the time of the incident out of which the within suit arose. The concomitant result of this petition is to provide an exclusive remedy against the United States for personal injuries "resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment." 28 U.S.C.A. § 2679(b).

■ Can plaintiff be left, then, with no remedy against Sanchez, GEICO and the United States and thereby be deprived of his constitutional right to due process?

Although the due process argument has been recognized previously, it has not been effectively dealt with before in circumstances similar to the facts herein. The Fourth Circuit Court of Appeals has, however, held that the provision of the Federal Drivers Act abrogating a federal employee's common-law right of action for negligence against a government driver acting within the scope of his employment was not unconstitutional. *Carr v. United States,* 422 F.2d 1007 (4th Cir. 1970). That case arose out of an automobile collision between a vehicle operated by Robert D. Mitchell and another automobile. At the time of the accident both Carr and Mitchell were federal employees acting within the scope of their employment.

The court stated that through the exclusivity of remedy provision in 28 U.S. C.A. § 2679(b), ". . . abrogation is well within the ambit of the statutory language." *Id.* at 1010.

"Any other result would undermine the Act's purpose to protect government drivers from all liability. We,

therefore, agree with the holdings of other circuits that the Driver's Act abrogates a federal employee's common law right of action against a government driver who is acting within the scope of his employment. *Van Houten v. Ralls,* 411 F.2d 940 (9th Cir. 1969); *Gilliam v. United States,* 407 F.2d 818 (6th Cir. 1969); *Vantrease v. United States,* 400 F.2d 853 (6th Cir. 1968)." *Id.*

*Carr* went further, as plaintiff does here, urging that abrogation without the creation of some new benefit as a *quid pro quo* constitutes a violation of the due process clause of the fifth amendment. This argument was rejected as unsound by the court, citing *Silver v. Silver,* 280 U.S. 117, 50 S.Ct. 57, 74 L. Ed. 221 (1929), wherein it was held that:

". . . the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law . . .". *Id.* at 122, 50 S.Ct. at 58.

Following this line of reasoning, the Supreme Court has consistently held that where Congress has provided a form of administrative compensation for Government employees injured while in the performance of their duties, the availability of such a remedy precludes recourse to tort claims against the Government. This very point was discussed by the court in *Feres, supra,* where it was found relevant, in the denial of plaintiffs' claims under the FTCA for injuries incident to service, that Congress has provided "systems of simple, certain, and uniform compensation for injuries or death of those in armed services." 340 U.S. at 144, 71 S.Ct. at 158. The Court of Appeals for the Ninth Circuit, on the basis of *Feres,* dismissed a suit brought under the Federal Drivers Act, in which decedent's parents sought to recover for their son's death, which occurred when the military truck in which he was riding overturned. *Mattos v. United States,* 412 F.2d 793 (9th Cir. 1969).

"As in *Feres*, the availability of compensation for injuries incurred in military service renders . . . (judicial) intrusion unnecessary." *Id.* at 794.

This proposition has been followed in precluding government liability under a particular statute where there exists an exclusive, or even an alternative, form of administrative compensation for federal employees injured while within the scope of their employment. The Court of Appeals for the Ninth Circuit held that a federal employee injured while riding as a passenger in a vehicle being driven by another federal employee who was within the scope of his employment at the time and collided with another vehicle being driven by a federal employee also within the performance of his duties, had as his sole remedy the benefits accruing to him under the Federal Employees' Compensation Act. *Van Houten v. Ralls,* 411 F.2d 940 (9th Cir. 1969), *reh. denied,* 397 U.S. 930, 90 S.Ct. 900, 25 L.Ed.2d 110 (1969).

> "The federal legislative objective in enacting the Federal Drivers Act while leaving the exclusivity provision of the FECA intact was apparently to protect federal drivers from personal liability by rendering the Government liable in tort, in the case of non-federal employee plaintiffs, and by rendering the Government liable only under the FECA in the case of federal employee plaintiffs." *Id.* at 943.

There was no issue of due process raised in the litigation. However, in a case decided the same day by the Ninth Circuit Court of Appeals, as well, the court recognized the problem but again avoided confronting it in an action by a federal employee brought against the United States under the FTCA for personal injuries sustained in an automobile accident allegedly negligently caused by another federal employee. *Noga v. United States,* 411 F.2d 943 (9th Cir. 1969).

> "In this case plaintiff Noga sued only the United States. There has never been a common law right by an injured person, Government employee or otherwise, to recover damages from the United States by reason of the negligence of a Government employee. Therefore, neither the Federal Drivers Act nor the FECA deprived plaintiff of a preexisting common law remedy against the Government. Whether the Federal Drivers Act, in insulating federal drivers from a preexisting common law right of action for damages brought by a fellow employee, constitutes a deprivation of due process, is a question not presented here since Noga did not sue the driver.". *Id.* at 945.

Yet, as previously discussed, the due process argument was dealt with in *Carr v. United States, supra.* Plaintiff therein did have a remedy under the FDA, but sought a remedy which he preferred— that of suing the individual driver. The case before this court denies plaintiff of the remedy of suing the individual driver in view of the application of the FDA. It goes further, however, in denying plaintiff the right to a remedy from the government under the provisions of the FTCA under the *Feres* decision.

In all candor, I find it extremely difficult to rule that plaintiff may avail himself of compensation benefits which cover his hospitalization costs and a sixty percent (60%) service-connected disability and little else. Yet, in view of the *Feres* case and numerous other authorities cited herein, the court finds no alternative.

Accordingly, the United States' motion for summary judgment is granted. In granting this motion, the court necessarily disposes of all remaining motions in the consolidated actions. Counsel will submit an order consistent with this opinion.