**MONARCH INSURANCE COMPANY OF OHIO and Wallace S. Mangum, Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

Civ. A. No. 80–869–N.

United States District Court, E. D. Virginia, Norfolk Division.

Feb. 19, 1981.

Alan B. Rashkind, R. Barrow Blackwell, of Furniss, Davis & Rashkind, Norfolk, Va., for plaintiffs.

James A. Metcalfe, Asst. U. S. Atty., Norfolk, Va., for defendant.

## MEMORANDUM ORDER

KELLAM, District Judge.

Asserting jurisdiction under 28 U.S.C. § 1346(b), plaintiffs instituted this action to recover from the United States under the provisions of the Federal Tort Claims Act, 28 U.S.C. § 2674, damages alleged to have been suffered by plaintiffs as a result of alleged negligence or wrongful acts or omissions of employees of the United States while acting in the scope of their employment or office. Defendant has moved for summary judgment, which issue is now ripe for decision.

## I.

The parties agree that the facts are not in dispute. Plaintiff Wallace S. Mangum is a Lt. Commander in the United States Naval Reserve, attached to Helicopter Light Attack Squadron Four, which is stationed at the Naval Air Station, Norfolk. On December 8, 1978, he flew his Cessna 172 private plane into and landed at the Air Station, to attend a Reserve Drill to be held Saturday, December 9th. Shortly after landing his plane on the 8th, and prior to beginning his drill the following day, he asked the transient line crew to tie down his plane. However, this was not done. On the 9th, Commander Mangum did in fact drill with his squadron and fly with it.

Commander Mangum had authority to land at the Air Station under an Aviation Facility License obtained through Base Operations at the Air Station. The license incorporated the Secretary of the Navy Instruction 3770.1B, and was given for the purpose of performing U.S. Naval Reserve activities and limited to that purpose. Paragraphs 5–b and 6–a of said instruction, in part, provide—

5. *Policy.*

\* \* \* \* \* \*

b. *Civil Aircraft* owned and operated by:

(1) *Military Personnel.* Private aircraft owned and operated by active duty U.S. military personnel or by Navy/Marine Corps Reservists on inactive duty may be authorized to land at a facility, providing such aircraft is not engaging in air commerce, and such landing is for official business required by written orders. Under no conditions shall such aircraft be allowed to base or operate from a facility for personal convenience nor base at a facility under the guise of official business.

\* \* \* \* \* \*

6. *Conditions Governing Use of Aviation Facilities by Civil Aircraft.*

a. *Risk.* The use of Navy or Marine Corps aviation facilities by civil aircraft shall be at the risk of the operator. Except as hereinafter provided for U. S. government contractors, the Department of the Navy shall assume no liability or responsibility by reason of the condition of the landing area, taxiways, radio and navigational aids, or other equipment or for notification of such conditions; or by the acts of its agents in connection with the granting of the right to use such Naval facility. No responsibility is assumed for the security of or damage to aircraft while on property owned or controlled by the U. S. government.

Because of the negligence of the employees of the United States in failing to tie the plane down, it was damaged by high winds.

Plaintiff, Monarch Insurance Company of Ohio, issued a liability insurance policy affording hull coverage to Commander Mangum (and the other owners of the plane), and as a result of said coverage paid $7,106.14 for damage sustained by the plane. Commander Mangum asserts he also suffered damages of $3,374.28 occasioned by loss of the use of the plane.

## II.

The United States grounds the motion for summary judgment in the assertion that Commander Mangum is a service man and that the alleged damages or injuries arose out of or were in the course of activity incident to his service. Plaintiffs say this is not correct; that while Commander Mangum flew into the Air Station on Friday afternoon, his duty did not begin until the next day, Saturday morning.

■ *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), made it clear that an on-duty service man who is injured due to the negligence of officials or employees of the United States may not recover against the United States under the Federal Tort Claims Act. It said the United States is not liable under the Federal Tort Claims Act for injuries to servicemen

"where the injuries arise out of or are in the course of activity incident to service." 340 U.S. at 142, 71 S.Ct. at 157. The Supreme Court restated and reaffirmed this principle in *Stencel Aero Engineering Corp. v. United States,* 431 U.S. 666, at 671, 97 S.Ct. 2054, at 2058, 52 L.Ed.2d 665. In *Stencel* the Court pointed out that "the military compensation scheme provides an upper limit of liability for the Government as to service-connected injuries." *See also, Mariano v. United States,* 605 F.2d 721 (4th Cir. 1979); *Hass v. United States,* 518 F.2d 1138 (4th Cir. 1975).

■ The parties agree that the principle stated in *Feres, supra,* applies to reservists. *Mattos v. United States,* 412 F.2d 793 (9th Cir. 1969); *United States v. Carrol,* 369 F.2d 618 (8th Cir. 1966); *Knoch v. United States,* 316 F.2d 532 (9th Cir. 1963); *O'Brien v. United States,* 192 F.2d 948 (8th Cir. 1951); *Drumgoole v. Virginia Electric and Power Company,* 170 F.Supp. 824 (E.D.Va.1959), and to claims for property damages. *United States v. United Services Auto. Asso.,* 238 F.2d 364 (8th Cir. 1956); *Preferred Ins. Co. v. United States,* 222 F.2d 942 (9th Cir. 1955); *Zoula v. United States,* 217 F.2d 81 (5th Cir. 1954); *Rivera-Grau v. United States,* 324 F.Supp. 394 (D.N.M.1971); *United Services Auto. Asso. v. United States,* 285 F.Supp. 854 (S.D.N.Y.1968); *Pratt v. United States,* 207 F.Supp. 132 (D.Mass. 1962); *Wallis v. United States,* 126 F.Supp. 673 (E.D.N.C.1954); *Ritzman v. Trent,* 125 F.Supp. 664 (E.D.N.C.1954).

■ Monarch Insurance is a subrogee of Mangum and can only claim what Mangum could have claimed. It is only entitled to the rights which Mangum had against the United States, for "it is elementary that one cannot acquire by subrogation what another whose rights he claims did not have." *United States v. Munsey Trust Co.,* 332 U.S. 234, 242, 67 S.Ct. 1599, 1603, 91 L.Ed. 2022 (1947). *See also, Pearlman v. Reliance Insurance Company,* 371 U.S. 132, 83 S.Ct. 232, 9 L.Ed.2d 190 (1962).

■ If Mangum cannot recover, neither can Monarch Insurance, for to "permit [it]

to proceed . . . here would be to judicially admit at the back door that which has been legislatively turned away at the front door." *Stencel Aero Engineering Corp. v. United States, supra*, 431 U.S. at 673, 97 S.Ct. at 2059.

Plaintiffs assert that the damage to the plane did not arise out of or in the course of activities incident to Mangum's service. Mangum was a Lt. Commander in the United States Naval Reserve, attached to Helicopter Light Attack Squadron Four, stationed at Naval Air Station, Norfolk. He was to and did drill with the squadron on Saturday morning. He flew his plane into the Air Station on Friday afternoon, and made use of the facilities of the Air Station. He was permitted to land and make use of the Air Station facilities because of his Naval Reserve status and duties. He was there to perform his Naval Reserve duties. He was granted the right to land and use the facilities only when "such landing is for official business required by written orders." [Provisions of the license issued him set forth above]. The license further provided that under "no conditions shall such aircraft be allowed to base or operate from a facility for personal convenience nor base at a facility under the guise of official business." His official business arose out of or in the course of activities incident to his service in the Naval Reserve. To permit plaintiffs to now say the landing and use of the facilities was not in the course of activities incident to Mangum's service would be to say he had no authority to land and make use of the Air Station facilities. If such was the case, then the United States owed him no duty, except not to willfully damage his plane.

It may be said that Commander Mangum had the plane on the Air Station for his personal convenience, and that it was neither required nor used by him in performing his military duties, but he was permitted to have it on the Air Station, and to park it there and receive the benefits of the Air Station only because he was in the Naval Reserve and on the base as "incident to his service." It was because of his status that his plane was on the base. He and his

plane while there were subject to Air Station control.

■ Where the "personal property of a serviceman is located on a military base solely by virtue of the . . . military service of the owner, and the damage results directly from operations in military service . . . the damage does arise out of and occurs in the course of activity incident to the military service of the owner." *Preferred Insurance Company v. United States*, 222 F.2d 942, 948 (9th Cir. 1955). In the last cited case the action was to recover for damage to trailers on the Air Base, permitted for use as housing for service personnel, and which were damaged by crash of an aircraft. The Court held that whether the trailer owners were there at time of the crash or on furlough was of no consequence. Recovery was denied. In *United States v. United Services Automobile Association*, 238 F.2d 364 (8th Cir. 1956), a Lieutenant in the Navy sought and was denied recovery for damage to his private automobile parked on the Base which was damaged by the crash of an aircraft. In *Wallis v. United States*, 126 F.Supp. 673 (D.C.N.C.1954), property of the serviceman, a Colonel in the Army, was delivered to the United States for packing, shipping and storage, and thereafter shipped to the Colonel's home. It arrived in damaged condition. The Court held the damage incident to military service, and denied recovery. *See also Ritzman v. Trent*, 125 F.Supp. 664 (D.C.N.C. 1954); *Zoula v. United States*, 217 F.2d 81 (5th Cir. 1954).

■ Plaintiffs' only remedy is under the provisions of the Military Claims Act, 10 U.S.C. § 2731. *See United States v. United Services Automobile Association, supra; Preferred Insurance Company v. United States, supra; Zuola v. United States, supra; Wallis v. United States, supra; Ritzman v. Trent, supra.*

The motion for summary judgment is therefore GRANTED and the action is DISMISSED.