Gene STOEHR, Plaintiff,

v.

Bernard M. WHIPPLE, Defendant.

Civ. No. 75–0–257.

United States District Court,
D. Nebraska.

Jan. 7, 1976.

Edward F. Fogarty, Omaha, Neb., for plaintiff.

John J. Respeliers, Omaha, Neb., for defendant.

## MEMORANDUM AND ORDER

SCHATZ, District Judge.

This matter is before the Court on the defendant's motion to dismiss the plaintiff's second cause of action, which attacks the constitutionality of Nebraska's motor vehicle guest statute, Neb.Rev. Stat. § 39–740, now codified as Neb.Rev. Stat. § 39–6,191 (Reissue 1974). The statute prohibits a non-paying guest from recovering damages from the owner or operator of a motor vehicle unless the damages are caused by the driver of the motor vehicle being under the influence of intoxicating liquor or unless caused by the gross negligence of the owner or operator.* The plaintiff contends that the statute violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution because it creates an improper and discriminatory classification between paying and non-paying passengers.

Not every legislative classification violates the Equal Protection Clause. States are afforded wide latitude in providing for different treatment of different classes of people. The Supreme Court has formulated the following test to determine whether a certain statutory classification has gone beyond the broad latitude allowed in violation of the Equal Protection Clause:

In applying [the Equal Protection Clause], this Court has consistently recognized that the Fourteenth Amendment does not deny to States the power to treat different classes of

---

* The motor vehicle guest statute reads as follows:

The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in such motor vehicle as a guest or by invitation and not for hire, unless such damage is caused by the driver of such motor vehicle being under the influence of intoxicating liquor or be-

cause of the gross negligence of the owner or operator in the operation of such motor vehicle. For the purpose of this section, the term guest is hereby defined as being a person who accepts a ride in any motor vehicle without giving compensation therefor, but shall not be construed to apply to or include any such passenger in a motor vehicle being demonstrated to such passenger as a prospective purchaser.

people in different ways. The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike." (Citations omitted.)

*Reed v. Reed,* 404 U.S. 71, 75–76, 92 S.Ct. 251, 253–254, 30 L.Ed.2d 225 (1971). *See also Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).

The test then is whether there is a reasonable or rational relation between the difference in treatment provided in the statute and the object or purpose of the legislation. The Supreme Court has developed some guidelines to be used in applying that test:

1. The equal-protection clause of the 14th Amendment does not take from the State the power to classify in the adoption of police laws, but admits of the exercise of a wide scope of discretion in that regard, and avoids what is done only when it is without any reasonable basis and therefore is purely arbitrary. 2. A classification having some reasonable basis does not offend against that clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. 3. When the classification in such a law is called in question, if any state of facts reasonably can be conceived that would sustain it, the existence of that state of facts at the time the law was enacted must be assumed. 4. One who assails the classification in such a law must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary. (Citations omitted.)

*Lindsley v. Natural Carbonic Gas Co.,* 220 U.S. 61, 78–79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1911).

The Nebraska Supreme Court, interpreting the statute in question, held that it was intended to serve two purposes—protection of hospitality by insulating a generous host from the claims of an ungrateful guest and prevention of fraudulent or collusive lawsuits designed to take advantage of the host's insurance company. *Botsch v. Reisdorff,* 193 Neb. 165, 226 N.W.2d 121 (1975). Keeping in mind the principle that legislatures are presumed to have acted constitutionally and their statutory classifications will be set aside only if no grounds can be conceived to justify them, *Schilb v. Kuebel,* 404 U.S. 357, 364, 92 S.Ct. 479, 30 L.Ed.2d 502 (1971), the question for this Court to decide, based upon the above-stated principles, is whether the different treatment of paying and non-paying passengers is reasonably related to the protection of hospitality and prevention of collusive lawsuits. There have been many cases in the last two years in which the constitutionality of guest statutes has been challenged as violative of the Equal Protection Clause. As was the case in Nebraska, protection of hospitality and prevention of collusive lawsuits have been advanced (and attacked) as the two principal justifications for the classifications made by the guest statutes. *E. g., Johnson v. Hassett,* 217 N.W.2d 771, 777–79 (N.D.1974); Prosser, *Law of Torts,* § 34 (1971); Casenote, 53 Neb.L.Rev. 267 (1974). A number of courts in the past two years, following a lead of *Brown v. Merlo,* 3 Cal.3d 855, 406 P.2d 212, 106 Cal.Rptr. 388 (1973) (*en banc*), have found that the classification created by a guest statute was not reasonably related to the objectives which the statute was designed to achieve. *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974) (Kaul, Schroeder and Fromme, JJ., dissenting); *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1975) (McFadden, Donaldson, Bakes, JJ., specially concurring; Sheppard, C. J., dissenting); *Primes v. Taylor,* 43 Ohio St.2d 195, 331

N.E.2d 723 (1975); *Laakonen v. The Eighth Judicial Court*, 538 P.2d 574 (Nev. 1974) (Batjer, J., concurring). (*McGeehan v. Bunch*, 540 P.2d 238 (N.Mex.1975) (Oman, J., dissenting); *Manistee Bank & Trust Co. v. McGowan*, 232 N.W.2d 636 (Mich.1975) (Coleman and Fitzgerald, JJ., dissenting). *See also Johnson v. Hassett*, 217 N.W.2d 771 (N.D.1974) (guest statute violated state constitution).

On the other hand, during the same period a number of courts, including the Nebraska Supreme Court, have found that the classification created by the guest statute was reasonably related to the promotion of hospitality and prevention of collusive lawsuits. *Botsch v. Reisdorff*, 193 Neb. 165, 226 N.W.2d 121 (1975) (McCown, J., dissenting); *Tisko v. Harrison*, 500 S.W.2d 565 (Tex.Civ.App. 1973); *Cannon v. Oviatt*, 520 P.2d 883 (Utah 1974) (Crockett, J., specially concurring); *Keasling v. Thompson*, 217 N.W.2d 687 (Ia.1974) (*en banc*) (LeGrand, Uhlenhopp and Harriss, JJ., specially concurring; McCormick, Mason, Rawlings, Reynoldson, JJ., dissenting); *White v. Hughes*, 519 S.W.2d 70 (Ark. 1975). *Cf. Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221 (1929).

■ This Court is of the opinion that those cases such as *Botsch, supra,* which have upheld the constitutionality of the guest statutes are the better-reasoned cases. In order to find the guest statute unconstitutional, this Court would have to find that there was no reasonable relation between the classification of paying and non-paying passengers and the promotion of hospitality and prevention of collusive lawsuits. On the contrary, the legislature could reasonably have found that the protection of the guest statute encouraged drivers to offer free rides or that the guest statute's classifications substantially reduced, if not eliminated, the possibility of collusive lawsuits between drivers and passengers. It is not sufficient to argue that some drivers do not rely on the guest statute's protection when they offer free rides nor to argue that there are other ways to prevent collusive lawsuits

because the Equal Protection Clause does not require that classifications be drawn with scientific or mathematical precision nor that the statutory classifications cure all evils. All it requires in this context is that the difference in treatment is not arbitrary. The promotion of hospitality and prevention of collusive lawsuits are legitimate goals and this Court is unable to say that the Nebraska Legislature acted completely arbitrarily and unreasonably when it chose to further those objectives by providing different treatment for paying and non-paying passengers. The Court, therefore, finds that the Nebraska motor vehicle guest statute does not violate the Equal Protection Clause of the United States Constitution.

■ In determining that the classification is reasonably related to its stated objectives, it is not for this Court to decide whether the policies behind the guest statute are wise or necessary and the Court does not pass judgment on those matters. Rather, the inquiry has been limited solely to whether the statute violates the above-stated constitutional principles. As the Supreme Court stated:

We do not inquire whether this statute is wise or desirable, or "whether it is based on assumptions scientifically substantiated." Misguided laws may nonetheless be constitutional. (Citation omitted.)

*James v. Strange*, 407 U.S. 128, 133, 92 S.Ct. 2027, 2031, 32 L.Ed.2d 600 (1972). Whether social and economic conditions have changed to such an extent that a guest statute is no longer useful or desirable is a decision that should be made by the legislature, not the courts. When courts take it upon themselves to make such policy judgments, they infringe upon the power rightly belonging to the legislature which has the right and the duty to make such decisions. *See Keasling v. Thompson, supra,* 217 N.W.2d at 696 (LeGrand, J., concurring opinion). Accordingly,

It is, therefore, ordered that defendant's motion to dismiss (Filing No. 5) should be and the same is sustained and plaintiff's second cause of action is hereby dismissed.