REQUESTED BY: Keith Fickenscher, Director Nebraska Department of Veterans' Affairs
You have requested an opinion from this office as to whether the statutory criteria for admission to the Nebraska Veterans' Home System may be expanded to include a certain class of peacetime veterans without opening admission to all peacetime veterans. Specifically, the legislative proposal being considered would expand eligibility for home admission to "permanently and totally disabled, non-ambulatory, wheelchair-bound veterans who are 100% service-connected, [and] who are not now eligible for [home] admission because their service dates are not `wartime'." We have not been provided with a specific draft of any legislation nor asked to address any particular concern with the legislative proposal; therefore our review of your inquiry will necessarily result in a general response.[1] See Op. Att'y Gen. No. 94-012 (March 10, 1994); Op. Att'y Gen. No. 85-157 (December 20, 1985).
[1] As the significant policy issues arising from the pending proposal are beyond the purview of our legal analysis, those issues are not addressed in this opinion.
 Current Law
Under current law, admission to one of Nebraska's veterans' homes is extended to any veteran who served in the armed forces of the United States during a period of war as defined in Neb. Rev. Stat. § 80-401.01, if, at the time of filing a home application,
 (a) the applicant has been a bona fide resident of the State of Nebraska for at least two years,[2] (b) the applicant has become disabled due to service, old age, or otherwise to an extent that it would prevent such applicant from earning a livelihood, and (c) the applicant's income from all sources is such that the applicant would be dependent wholly or partially upon public charities for support, or the type of care needed is available only at a state institution . . . .
Neb. Rev. Stat. § 80-316 (Supp. 1997). Therefore, assuming other statutory criteria are satisfied, those veterans suffering from either "service-connected"[3] or "non-service-connected"[4] disabilities may be admitted to one of the state veterans' homes so long as they served on active military duty — whether in combat or not — during the Spanish-American War; World War I; World War II; the Korean War; the Vietnam War; in either Lebanon, Grenada, or Panama; or at any time since August 2, 1990 (the Persian Gulf War). Neb. Rev. Stat. § 80-401.01 (1996).
Discussion
In reviewing your question, we note that, because the Nebraska Constitution "is not a grant, but, rather, a restriction on legislative power, . . . the Legislature is free to act on any subject not inhibited by the Constitution." State ex rel.Stenberg v. Douglas Racing Corp., 246 Neb. 901, 905,524 N.W.2d 61, 64 (1994). In so acting, however, the court has established that "[t]he people of the state, by adopting a Constitution, have put it beyond the power of the [L]egislature to pass laws in violation thereof." State ex rel. Randall v. Hall,125 Neb. 236, 243, 249 N.W. 756, 759 (1933); see also State ex rel.Caldwell v. Peterson, 153 Neb. 402, 45 N.W.2d 122 (1950).
As previously noted, only those veterans who have served in the armed forces during the periods of war set forth in §80-401.01 are eligible for admission to Nebraska's veterans homes. The legislative proposal which you have submitted for review would expand veterans home admission to a narrow class of "peacetime veterans."[5] Specifically, the proposal would make eligible for admission only those peacetime veterans who are "permanently and totally disabled, non-ambulatory, wheelchair-bound . . . [and] who are 100% service-connected." We find that any challenges made to the proposal would most likely arise under the equal protection clauses of both the Nebraska and U.S. Constitutions.
State and Federal Equal Protection Clauses.
Article III, Section 18 of the Nebraska Constitution provides that "[t]he Legislature shall not pass local or special laws in any of the following cases, that is to say: . . . Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever. . . . In all other cases where a general law can be made applicable, no special law shall be enacted."
In construing Article III, § 18, the Nebraska Supreme Court has determined that "[b]y definition, a legislative act is general, and not special, if it operates alike on all persons of a class or on persons who are brought within the relations and circumstances provided for. . . ." Haman v. Marsh 237 Neb. 699,709, 467 N.W.2d 836, 844-45 (1991) (citations omitted); Stateex rel. Rogers v. Swanson, 192 Neb. 125, 219 N.W.2d 726 (1974). Thus, a legislative act can violated Article III, § 18 as special legislation in one of two ways: (1) by creating a totally arbitrary and unreasonable method of classification, or (2) by creating a permanently closed class. Swanson v. State,249 Neb. 466, 544 N.W.2d 333 (1996); City of Scottsbluff v.Tiemann, 185 Neb. 256, 175 N.W.2d 74 (1970).
Similar to the state equal protection clause is the provision contained in the fourteenth amendment to the U.S. Constitution. In pertinent part, the fourteenth amendment prohibits the State from denying "to any person within its jurisdiction the equal protection of the laws." When a statute is challenged under this clause, "[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest."Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440
(1985); Pick v. Nelson, 247 Neb. 487, 528 N.W.2d 309 (1995);Robotham v. State, 241 Neb. 379, 488 N.W.2d 533 (1992).
 There are two narrow exceptions to this rule. Statutes which classify by race, alienage, or national origin `will be sustained only if they are suitably tailored to serve a compelling state interest.' Likewise, statutes which classify by gender or illegitimacy must be `substantially related' to, respectively, either a `sufficiently important governmental interest' or `a legitimate state interest.'
Pick, 247 Neb. at 498, 528 N.W.2d at ___ (citations omitted). The state supreme court has expressly determined that "[t]he Nebraska Constitution has identical requirements." Id.;Robotham, 241 Neb. at 385, 488 N.W.2d at 539. Thus, in order for the proposed home admission expansion to be sustained, the State would have to be able to demonstrate a rational basis for the different classification of peacetime veterans. Id.
Application of "Rational Basis Scrutiny" To The Proposal.
Nebraska statutes governing veterans' home admission already create a distinction amongst the general class of veterans: veterans who served on active duty — whether in combat or not — during specified periods of war are eligible for home admission while veterans who served on active duty during peacetime are ineligible for home admission. The legislative proposal now being reviewed would create a second classification amongst peacetime veterans. Peacetime veterans who are permanently and totally disabled due to a 100% service-connected disability and who are non-ambulatory and wheelchair-bound would become eligible for veterans' home admission.
In order to be valid, the State would be required to demonstrate that the proposed classification of peacetime veterans is "based upon some reason of public policy — some substantial difference of situation or circumstances — that would naturally suggest the justice or expediency of diverse [grouping of the peacetime veterans]." State v. Popco, Inc.,247 Neb. 440, 528 N.W.2d at ___ (1995). The differentiation among the class of peacetime veterans would be proper "if the special class [of severely disabled peacetime veterans] has some reasonable distinction from other [peacetime veterans], which distinction bears some reasonable relation to the legitimate objectives and purposes of [expanding veterans' home eligibility criteria]."Id.
Generally, the determination of whether a particular legislative classification has a legitimate public purpose is a decision left to the Legislature. See State v. Gaylen,221 Neb. 497, 378 N.W.2d 182 (1985). Furthermore, states are usually afforded wide latitude in providing for different treatment of different classes of people. Stoehr v. Whipple, 405 F. Supp. 1249
(D.Neb. 1976). In the area of social welfare legislation, a state statute will not normally violate the equal protection clause merely because classifications made under that statute are imperfect. Dandridgev. Williams, 397 U.S. 471, 485 (1970);State v. Garber, 249 Neb. 648, 545 N.W.2d 75 (1996);Distinctive Printing Packaging Co. v. Cox, 232 Neb. 846,443 N.W.2d 566 (1989).
Given these standards, the ability of the pending legislative proposal to sustain a legal challenge would be dependent upon the rationale for implementing a statutory differentiation of peacetime veterans. The U.S. Supreme Court has held that "a common characteristic shared by beneficiaries and nonbeneficiaries alike, is not sufficient to invalidate a statute when other characteristics peculiar to only one group rationally explain the statute's different treatment of the two groups."Johnson v. Robinson, 415 U.S. 361, 378 (1974).
Pursuant to the definition of wartime veterans provided for in Neb. Rev. Stat. § 80-401.01, only those veterans who served on active duty in the military for a period of approximately 36 of the past 100 years are now eligible for admission to the Nebraska Veterans' Home System. Veterans whose service dates cover the remaining 64 years of that time period are not eligible for home admission. Expansion of current eligibility restrictions to any group of veterans will likely involve significant costs to the State. The practical cost issue has, under certain circumstances, been validated as a rational basis for differentiating amongst classes of veterans. SeeBesinga v. U.S., 14 F.3d 1356 (9th Cir.), cert. denied,513 U.S. 864 (1994) (upholding Congressional statute providing for certain veterans benefits for Philippine Commonwealth Army veterans but excluding from benefit status those veterans of the Old Philippine Scouts).
Conclusion
The Legislature has authority to amend current statutory criteria pertaining to veterans' home admission eligibility. Nebraska already distinguishes between the class of "veterans" in its admission requirements. Veterans who served during specified periods of war are eligible for admission while those who served outside of the specified dates are ineligible for home admission. The validity of further differentiation amongst "peacetime" veterans would be assessed under the "rational basis scrutiny" test. Under that standard, Nebraska would have to demonstrate that different treatment among that group of veterans is based upon a legitimate public purpose and that the separate classification bears reasonable relation to that purpose.
Sincerely,
 DON STENBERG Attorney General
 Lauren L. Hill Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General
[2] See Op. Att'y Gen. No. 94-058 (July 26, 1994) for our prior discussion regarding the validity of this admission eligibility requirement.
[3] Although not defined by state law, we refer to the term "service-connected" disability as it is defined by federal law. Pursuant to 38 U.S.C. § 101(16)(1991) the term means "that such disability was incurred or aggravated, . . . in the line of duty in the active military, naval, or air service."
[4] Although not defined by state law, we refer to the term "non-service-connected" disability as it is defined by federal law. Pursuant to 38 U.S.C. § 101(17)(1991) the term means "that such disability was not incurred or aggravated, . . . in the line of duty in the active military, naval, or air service."
[5] For purposes of this opinion, the term "peacetime veterans" is used, generally, to mean any veteran who served on active duty in the armed services during the approximately 64 years, since 1898, which are not defined as periods of war by Neb. Rev. Stat. § 80-401.01.