## SILVER v. SILVER.

No. 24. Argued October 25, 1929.—Decided November 25, 1929.

*Mr. Thomas R. Robinson,* with whom *Messrs. David M. Reilly, Herman Levine,* and *Arthur B. O'Keefe* were on the brief, for appellant.

*Messrs. David E. Fitzgerald, Wm. L. Hadden, Ellsworth B. Foote,* and *Benjamin Slade,* were on the brief for appellee.

MR. JUSTICE STONE delivered the opinion of the Court.

This is an appeal under § 237 of the Judicial Code, as amended by Act of February 13, 1925, from a judgment of the Supreme Court of Connecticut upholding the constitutionality of a state statute. Chapter 308 of the Public Acts of Connecticut of 1927 (printed in the margin [1])

---

[1] Chapter 308. *An Act releasing owners of motor vehicles from responsibility for injuries to passengers therein.*

Be it enacted by the Senate and House of Representatives in General Assembly convened:

Section 1. No person transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or. operator or caused by his heedlessness or his reckless disregard of the rights of others.

Sec. 2. This act shall not relieve a public carrier or any owner or operator of a motor vehicle while the same is being demonstrated to a prospective purchaser of responsibility for any injuries sustained by a passenger being transported by such public carrier or by such owner or operator.

provides that no person carried gratuitously as a guest in an automobile may recover from the owner or operator for injuries caused by its negligent operation. The appellant brought suit in the Superior Court of New Haven County against appellee, her husband, for injuries so sustained. Judgment for the defendant was affirmed by the Supreme Court. Both courts ruled that the statute barred appellant, a guest carried gratuitously, from recovery for injuries caused by ordinary negligence in the operation of the car, and the Supreme Court, by divided bench, held that the statute did not deny to appellant the equal protection of the laws guaranteed by the Fourteenth Amendment.

As the record does not disclose the constitutional grounds on which the appellant challenged the validity of the statute, our review will be limited to the single question arising under the Federal Constitution which was considered in the opinion of the court below. *Saltonstall* v. *Saltonstall*, 276 U. S. 260. We need not, therefore, elaborate the rule that the Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object. See *Louis Pizitz Dry Goods Co.* v. *Yeldell*, 274 U. S. 112, 116; *New York Central R. Co.* v. *White*, 243 U. S. 188; *Mountain Timber Co.* v. *Washington*, 243 U. S. 219; *Wilmington Mining Co.* v. *Fulton*, 205 U. S. 60, 74.

The use of the automobile as an instrument of transportation is peculiarly the subject of regulation. We can not assume that there are no evils to be corrected or permissible social objects to be gained by the present statute. We are not unaware of the increasing frequency of litigation in which passengers carried gratuitously in automobiles, often casual guests or licensees, have sought the recovery of large sums for injuries alleged to have

been due to negligent operation. In some jurisdictions it has been judicially determined that a lower standard of care should be exacted where the carriage in any type of vehicle is gratuitous. See *Massaletti* v. *Fitzroy,* 228 Mass. 487; *Marcienowski* v. *Sanders,* 252 Mass. 65; *Epps* v. *Parrish,* 26 Ga. App. 399. Whether there has been a serious increase in the evils of vexatious litigation in this class of cases, where the carriage is by automobile, is for legislative determination and, if found, may well be the basis of legislative action further restricting the liability. Its wisdom is not the concern of courts.

It is said that the vice in the statute is not that it distinguishes between passengers who pay and those who do not, but between gratuitous passengers in automobiles and those in other classes of vehicles. But it is not so evident that no grounds exist for the distinction that we can say *a priori* that the classification is one forbidden as without basis, and arbitrary. See *Clarke* v. *Deckebach,* 274 U. S. 392, 397.

Granted that the liability to be imposed upon those who operate any kind of vehicle for the benefit of a mere guest or licensee is an appropriate subject of legislative restriction, there is no constitutional requirement that a regulation, in other respects permissible, must reach every class to which it might be applied—that the legislature must be held rigidly to the choice of regulating all or none. *Patsone* v. *Pennsylvania,* 232 U. S. 138, 144; *Miller* v. *Wilson,* 236 U. S. 373, 382, 384; *International Harvester Co.* v. *Missouri,* 234 U. S. 199, 215; *Barrett* v. *Indiana,* 229 U. S. 26, 29 (1913). In this day of almost universal highway transportation by motor car, we cannot say that abuses originating in the multiplicity of suits growing out of the gratuitous carriage of passengers in automobiles do not present so conspicuous an example of what the legislature may regard as an evil, as to justify

124

legislation aimed at it, even though some abuses may not be hit. *Carroll* v. *Greenwich Ins. Co.,* 199 U. S. 401, 411; *Bryant* v. *Zimmerman,* 278 U. S. 63, 73. It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs.

*Affirmed.*