STATE SECURITIES COMPANY, A CORPORATION, APPELLANT, v. NORFOLK LIVESTOCK SALES CO., INC., APPELLEE.

191 N. W. 2d 614

Filed November 12, 1971. No. 37922.

Hutton, Hutton & Garden, for appellant.

Jewell, Otte, Pollock & Gatz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

CLINTON, J.

The plaintiff is a licensed lending agency. The defendant is a livestock auction company selling cattle on commission and licensed under the Federal Packers and Stockyards Act of 1921. The action is one for conversion of certain livestock, the property of one Gary L. Apfel, upon which the plaintiff had a perfected security interest. The case was tried by the judge without a jury upon the pleadings and a stipulation of the parties as to the evidence and testimony. There is no dispute as to the facts. The trial court rendered judgment for the defendant. We reverse the judgment and remand the cause.

Apfel caused the cattle to be delivered to the defendant to be offered for sale at public auction. The defendant had no actual knowledge of the plaintiff's security interest and was selling the cattle on commission in the usual course of its business. The plaintiff had no knowledge of the sale; it did not consent to the sale. The stipulation contained the following provision: ". . . there has been, prior to the sale, a full public disclosure of the name of the owner of the livestock by keeping the said name available in the office [of the defendant] to all prospective purchasers and people who inquire."

The defendant contends that it is exempt from liability for conversion under the provisions of section 69-109.01, R. R. S. 1943, and also contends that it is exempt from liability because, as a licensee under the Federal Packers and Stockyards Act, it cannot refuse to serve anyone offering cattle for sale. The plaintiff relies upon

State Securities Co. v. Svoboda, 172 Neb. 526, 110 N. W. 2d 109, and in its amended reply pled (1) the inapplicability of the Federal Packers and Stockyards Act; (2) that section 69-109.01, R. R. S. 1943, is unconstitutional and void in violation of Article I, sections 3, 16, and 25, and Article III, section 18, Constitution of Nebraska; and (3) "That no public announcement was made by the auctioneer at the time of sale of said cattle that the owner thereof was Gary L. Apfel."

The trial court found that section 69-109.01, R. R. S. 1943, was constitutional and afforded protection to the defendant, and that therefore it was unnecessary to consider the other issues raised. It dismissed the plaintiff's petition with prejudice.

Section 69-109.01, R. R. S. 1943, provides as follows: "The auctioneer, who in good faith and without notice of a mortgage thereon, sells personal property at auction, which is in fact subject to a chattel mortgage, for a principal whose identity has been disclosed, in which property the auctioneer has no interest but acts only as an intermediary of the owner is not liable to the mortgagee for any damage sustained as a result of such sale."

The legislative history of this statute indicates that it was enacted as a direct result of the decision in State Securities Co. v. Svoboda, *supra,* where this court held in a 4-3 opinion that an auctioneer who sells mortgaged property at an auction at the request of the mortgagor without the consent or knowledge of the mortgagee converts the mortgaged property and is liable to the mortgagee in conversion for the damages sustained. It clearly appears that it was the legislative intention and the purpose of the backers of section 69-109.01, R. R. S. 1943, to relieve auctioneers of what was deemed the harsh results of the opinion in the Svoboda case. In carrying out this intention, however, the Legislature did not make the exemption of the auctioneer from liability absolute. It laid down in the statute certain conditions for exemption. These are indicated by the statute itself

and are as follows: He must, in selling at public auction (1) act in good faith and without notice of a security interest thereon; (2) sell "for a principal *whose identity has been disclosed";* and (3) have no interest in the property and act only as an intermediary of the owner. The stipulated evidence indicates quite clearly that the defendant met requirements (1) and (3). It just as clearly appears that it did not under the stipulated evidence meet condition (2) above. Under that provision the auctioneer must be acting for a principal "whose identity has been disclosed." To disclose means: to make known; open up to general knowledge; to reveal in words something that is secret or not known. Webster's Third New International Dictionary, Unabridged, p. 645. It is further to be noted that this statutory language speaks of the disclosure as having been made. The language is: ". . . sells . . . at auction . . . for a principal *whose identity has been disclosed . . .."* This can have no meaning other than that the auctioneer must have made before the sale some kind of public announcement which identifies the owner of the property which is to be sold. It is not for this court, but only for the Legislature, to determine the wisdom, necessity, or effectiveness of such a requirement. The Legislature did not abrogate the rule of State Securities Co. v. Svoboda, *supra.* It provided an exemption only upon compliance with the condition of the statute. We cannot read this condition in question out of the statute. As noted earlier, the stipulated evidence is that the defendant had the identity of the owner available to those who made inquiry and was ready to make disclosure. This does not meet the statutory requirement. The stipulated evidence does not indicate that any disclosure was in fact made. See Dodge v. Blood, 299 Mich. 364, 300 N. W. 121, 138 A. L. R. 322.

The plaintiff asserts that the defendant did not bring itself within the exemption of the statute because of the constructive notice afforded by the recording of the

security instrument. This contention must be rejected. The legislative history of the statute clearly indicates that the term notice in the statute refers to actual and not constructive notice.

The statute in question does not violate any of the constitutional provisions cited by the plaintiff. A person has no property—no vested interest—in any rule of the common law. While rights of property created by the common law cannot be taken without due process, the law as a rule of conduct, may, subject to constitutional limitations, be changed at the will of the Legislature. Mondou v. New York, New Haven & Hartford R.R. Co., 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327. The Legislature may abrogate a right of action for a tort to happen in the future. 16A C. J. S., Constitutional Law, § 643, p. 911; Nadzius v. Lahr, 253 Mich. 216, 234 N. W. 581, 74 A. L. R. 1189; Silver v. Silver, 280 U. S. 117, 50 S. Ct. 57, 74 L. Ed. 221, 65 A. L. R. 939. See, also, Montana Meat Co. v. Missoula Livestock Auction Co., 125 Mont. 66, 230 P. 2d 955.

The plaintiff contends section 69-109.01, R. R. S. 1943, is impliedly repealed by the Uniform Commercial Code. A thorough examination of the code indicates this claim is unfounded.

We next turn to the defendant's contention that because it is a livestock marketing agency licensed under the Federal Packers and Stockyards Act of 1921 it is exempted from liability for conversion under the circumstances here. The act does not by its express terms purport to provide any such exemption. The contention is founded upon the premise that the marketing agency is in the nature of a public utility and required to serve all, and therefore is to be treated differently than an ordinary agent who cooperates in the conversion even though innocently. Most state and federal courts which have had occasion to consider the question have rejected the defendant's position. The rationale is well set forth in a recent decision of the Supreme Court of Mis-

scuri in Farmers State Bank v. Stewart (Mo.), 454 S. W. 2d 908, where the principal cases on the point are discussed. This case overruled an earlier Missouri appellate court decision, Blackwell v. Laird, 236 Mo. App. 1217, 163 S. W. 2d 91. See, also, Birmingham v. Rice Bros., 238 Iowa 410, 26 N. W. 2d 39, 2 A. L. R. 2d 1108 (a 5-4 decision with a vigorous dissent); the Annotation at 96 A. L. R. 2d 225; and the cases cited in 1 A. L. R. 2d L. C. S. 192. Sullivan Co. v. Wells, 89 F. Supp. 317 (D. C., Neb.), and a few other cases support a contrary rule.

The judgment of the trial court must be reversed and the cause remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.