

# NUMBER 13-10-00281-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**BENNY GARCIA,**                                                                      **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                              **Appellee.**

---

### On appeal from the 347th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Chief Justice Valdez**

On April 7, 2008, appellant, Benny Garcia, pleaded guilty to two counts of sexual assault of a child, a second-degree felony, and one count of indecency with a child, also a second-degree felony. *See* TEX. PENAL CODE ANN. §§ 21.11, 22.011 (Vernon Supp. 2010). Garcia was placed on deferred-adjudication community supervision for ten years. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 5(a) (Vernon Supp 2010). The State

subsequently filed a motion to adjudicate guilt, alleging multiple violations of the terms of his community supervision. Garcia pleaded "true" to the allegations and, after hearing testimony and closing arguments, the trial court revoked Garcia's community supervision, adjudicated him guilty on all three counts, and sentenced him to ten years' imprisonment on each count with all sentences to run concurrently. By two issues, Garcia contends that: (1) article 42.07 of the code of criminal procedure is unconstitutional; and (2) his sentence "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code."[1] We affirm the judgment as modified.

## I. ALLOCUTION[2]

By his first issue, Garcia argues that article 42.07 of the Texas Code of Criminal Procedure "is unconstitutional in that it abridges a defendant's constitutional Due Process right under the United States [C]onstitution to directly address the court personally, apart from testifying, in mitigation of his sentence." *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2006).

### A. Relevant Background

At the revocation hearing, Garcia pleaded "true" to all of the alleged violations of his community supervision and testified before the trial court in an effort to provide an "explanation" as to the circumstances surrounding two of the violations of his community supervision. After the State's cross-examination of Garcia, Garcia's counsel asked the

---

[1] We note that the State has not filed a brief and that Garcia states through out his brief that his arguments are "foreclosed under current law but [are] raise[d] . . . in an adversarial fashion for purposes of preserving error for possible further review."

[2] As this is a memorandum opinion, and the parties are familiar with the facts of the case, we will only recite those facts which are necessary to advise the parties of this Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

court to allow Garcia to "allocute without being subjected to cross[-]examination." The trial court denied the request.

## B.     Applicable Law

"'[A]llocution' refers to a trial judge's asking a criminal defendant to 'speak in mitigation of the sentence to be imposed.'" *Eisen v. State*, 40 S.W.3d 628, 631-32 (Tex. App.–Waco 2001, pet. ref'd). The origin of the common-law rule of allocution is unknown, *see id.*; however, some form of allocution has been codified in both the federal and Texas systems. *See* FED. R. CRIM. P. 32(i)(4)(A) (2010); TEX. CODE CRIM. PROC. ANN. art. 42.07. Article 42.07 of the Texas Code of Criminal Procedure provides:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
>
> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and
>
> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to identity.

TEX. CODE CRIM. PROC. ANN. art. 42.07.

## C.     Analysis

Garcia does not argue that any of article 42.07's three reasons for withholding pronouncement of sentence apply to him. Instead, Garcia contends that article 42.07 is unconstitutional because it overly restricts a defendant's right to due process by limiting the

reasons that may be advanced by a defendant to prevent sentencing. *See id.* art. 42.07(1)-(3). Garcia reasons that: (1) allocution is a constitutional right; (2) article 42.07 is our state legislature's implementation of the right of allocution; and (3) article 42.07's restriction to only three reasons as grounds to prevent sentence from being imposed unduly restricts the constitutional right of allocution. Garcia's argument that article 42.07 violates due process is based on the presumption that allocution before punishment is a right of constitutional dimension. However, Garcia cites no case law that holds that allocution is a constitutional right.

Although allocution is statutorily recognized, the United States Supreme Court has not determined that the United States Constitution mandates a right of allocution free from cross-examination before punishment has been assessed. *See McGautha v. California*, 402 U.S. 183, 218-19 (1971) ("This Court has not directly determined whether or to what extent the concept of due process of law requires that a criminal defendant wishing to present evidence or argument presumably relevant to the issues involved in sentencing should be permitted to do so."), *judgment vacated by Crampton v. Ohio*, 408 U.S. 941, 42 (1972); *Hill v. United States*, 368 U.S. 424, 429 (1962); *Eisen*, 40 S.W.3d at 634. Likewise, the Texas Court of Criminal Appeals has not interpreted the United States Constitution as requiring such a right. *Lewis v. State*, 815 S.W.2d 560, 568 (Tex. Crim. App. 1991) (providing that "[r]emorse following commission of a serious crime may well be a circumstance tending in some measure to mitigate the degree of a criminal's fault, but it must be presented in a form acceptable to the law of evidence"); *see also Garza v. State*, No. AP-75477, 2008 WL 5049910, at *12 (Tex. Crim. App. Nov. 26, 2008) (not designated for publication) (holding that a defendant does not "have a constitutional right to make a statement of remorse free from cross-examination before punishment ha[s] been

4

assessed”).

In *Eisen v. State*, the Waco Court of Appeals addressed whether the right of allocution is of constitutional dimension by discussing the incorporation of common-law rules into the United States Constitution. *Id.* at 634-35. *Eisen* holds that the right of allocution has not achieved constitutional status and explains:

> Many of the rights of an accused that we take for granted because they are now recognized as constitutional rights were, at common law, limited. The common law did not guarantee that a criminal defendant would have access to counsel, did not always permit a defendant to testify, did not provide compulsory process to obtain witnesses, and did not guarantee that the accused could confront his accuser. Because we now guarantee those rights, an accused will be heard through his counsel and will have access to witnesses who can aid his defense.

> At the time article 42.07 comes into play, legal matters on the record have already been brought to the court's attention; factual matters relating to punishment have been presented through the evidence. The limitations of that article are designed to allow the defendant to bring to the court's attention legal bars to the imposition of punishment that may not be of record, specifically including a pardon, incompetency, and mistaken identity. TEX. CODE CRIM. PROC. ANN. art. 42.07. Thus, we believe that the legislature's limit to matters in bar of a sentence are reasonable and achieve a permissible legislative objective. *See Silver v. Silver*, 280 U.S. 117, 122 (1929).

*Id.* at 635-36. We agree with *Eisen's* reasoning and hold that allocution is not a constitutional right. *See id.*; *Lewis*, 815 S.W.2d at 568; *see also Garza*, 2008 WL 5049910, at *12; *Allen v. State*, No. 11-05-00128-CR, 2006 WL 1644603, at *7 (Tex. App.–Eastland June 15, 2006, no pet.) (not designated for publication).

Nevertheless, assuming, arguendo, that the right to allocute is constitutional, we would conclude that the error, if any, is harmless under Texas Rule of Appellate Procedure 44.2(a). *See* TEX. R. APP. P. 44.2(a). At the revocation hearing, Garcia had the right to present evidence and argument to support a mitigation request. Garcia took advantage of this right by testifying about the alleged reasons that he violated two of his conditions of

5

community supervision. On appeal, Garcia does not indicate that he wished to inform the trial court that he had been pardoned, was incompetent, or had been misidentified following an escape. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Garcia also fails to indicate what additional mitigating evidence he would have raised if given the opportunity to address the trial court free from cross-examination. Accordingly, we could not conclude beyond a reasonable doubt that the complained-of error contributed to the punishment assessed. *See* TEX. R. APP. P. 44.2(a).

Garcia's first issue is overruled.

## II. CONSTITUTIONALITY OF SENTENCE

By his second issue, Garcia contends that the sentence imposed "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." *See* TEX. PENAL CODE ANN. § 1.02 (Vernon 2003).

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55-56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public."). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. CONST. amend. VIII. The Eighth Amendment is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. *See*

6

U.S. CONST. amend. XIV, *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

Garcia's sentence falls within the punishment range for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) (providing that the applicable range of punishment for a second-degree is two to twenty years' imprisonment). Although this normally does not end our inquiry, *see Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range), Garcia made no objection to his sentence to the trial court either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, Garcia has waived any error for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Trevino*, 174 S.W.3d at 927-28 ("Because the sentence imposed is within the punishment range and is not illegal, we

conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection."). Thus, Garcia's second issue is overruled.

### III. MODIFICATION OF JUDGMENT

The trial court's judgment mistakenly refers to section 21.22, a non-existent section of the penal code, instead of section 21.11, as the statute concerning the offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 21.11 (Vernon Supp. 2010). Because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct statute for the offense—Texas Penal Code section 21.11. *See id.*; TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993).

### IV. CONCLUSION

We affirm the trial court's judgment as modified.

_____
ROGELIO VALDEZ
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
21st day of October, 2010.