NUMBER 13-10-00256-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

MICHAEL CLIFFORD,                                                                  
    Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                            Appellee.

                                                                                                                     
  

 

On appeal from the 94th
District Court 

of Nueces County,
Texas.

   
                                                                                                                  

 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Vela  

Memorandum Opinion by
Justice Rodriguez

                                                                                                                                    

Appellant Michael Clifford entered an
open plea of guilty to one count of indecency with a child and three counts of
sexual assault of a child, without a plea agreement.  See Tex. Penal Code Ann. '' 21.11,
22.011 (Vernon Supp. 2010); see also id. §§ 21.11(d) (setting out that indecency with a child is a
second degree felony), 22.011(f) (identifying sexual assault as a second degree
felony).  The trial court accepted Clifford's plea of guilty and, after hearing
evidence, sentenced him to twenty years' imprisonment.  By two issues, Clifford
contends that:  (1) article 42.07 of the Texas Code of Criminal Procedure is
unconstitutional; and (2) his sentence "violates his U[.]S[.]
constitutional due process right to receive a sentence which is not more than necessary
to accomplish all of the objectives in the Texas Penal Code." [1]  We affirm the
judgment as modified.

I.  Allocution

By his first issue, Clifford argues that
article 42.07 of the Texas Code of Criminal Procedure "is unconstitutional
in that it abridges a defendant's constitutional Due Process right under the
United States [C]onstitution to directly address the court personally, apart
from testifying, in mitigation of his sentence."  See Tex. Code Crim. Proc. Ann. art. 42.07
(Vernon 2006).

A.  Relevant
Background[2]

Clifford called one witness in
mitigation of his sentence and rested.  During closing argument, Clifford's
counsel asked that Clifford "be permitted to allocute without being
subjected to cross-examination," and the State objected.  The trial court
later announced that it would allow the defense to re-open for Clifford to
testify, but it would not allow Clifford to allocute without being subject to
cross-examination.  Clifford declined to testify.

B.  Standard
of Review and Applicable Law

When considering the constitutionality
of a statute, this Court begins with the presumption that the legislature has
not acted unconstitutionally.  See Lawrence v. State, 240 S.W.3d 912,
915 (Tex. Crim. App. 2007) (citing State v. Moff, 154 S.W.3d 599, 601
(Tex. Crim. App. 2004)).

"'[A]llocution' refers to a trial
judge's asking a criminal defendant to 'speak in mitigation of the sentence to
be imposed.'"  Eisen v. State, 40 S.W.3d 628, 631-32 (Tex. App.–Waco
2001, pet. ref'd) (quoting A
Dictionary of Modern Legal Usage 45 (Bryan A. Garner ed., 2d ed., Oxford
1995)).  The origin of the common-law rule of allocution is unknown, see id.;
however, some form of allocution has been codified in both the federal and
Texas systems.  See Fed. R. Crim.
P. 32(i)(4)(A); Tex. Code Crim.
Proc. Ann. art. 42.07.  Article 42.07 of the Texas Code of Criminal
Procedure provides:

Before pronouncing sentence, the defendant shall be asked
whether he has anything to say why the sentence should not be pronounced
against him. The only reasons which can be shown, on account of which sentence
cannot be pronounced, are:

 

1.  That the defendant has
received a pardon from the proper authority,  on the presentation of which,
legally authenticated, he shall be discharged;

 

2.  That the defendant is
incompetent to stand trial; and if evidence be shown to support a finding of
incompetency to stand trial, no sentence shall be pronounced, and the court
shall proceed under Chapter 46B; and

 

3.  When a person who has been
convicted escapes after conviction and before sentence and an individual
supposed to be the same has been arrested he may before sentence is pronounced,
deny that he is the person convicted, and an issue be accordingly tried before
a jury, or before the court if a jury is waived, as to identity.

 

Tex. Code Crim. Proc. Ann. art.
42.07.

C.  Analysis

Clifford does not contend that any of
article 42.07's three reasons for withholding pronouncement of sentence apply
to him.  See id.  Instead, Clifford argues that the three reasons
enumerated above overly restrict his due process right to directly address the
court personally, apart from testifying, in mitigation of his sentence.  See
id.  While asserting that the due process clause of the United States Constitution
affords him the right to humanize his situation by personally addressing the
court, similar to the right afforded to him in federal sentencing proceedings, see
Fed. R. Crim. P. 32(i)(4)(A)(ii),
Clifford acknowledges that neither Texas statutory law nor case law clearly
extends the right for him to make a personal unsworn statement to the
sentencing court.  Clifford also notes that the United States Supreme Court has
not clearly stated whether the denial of allocution constitutes a federal due
process violation, see Hill v. United States, 368 U.S. 424, 428 (1962),
and cites no case law that holds that allocution is a constitutional right.[3] 
See McGautha v. California, 402 U.S. 183, 218-19 (1971) ("This
Court has not directly determined whether or to what extent the concept of due
process of law requires that a criminal defendant wishing to present evidence
or argument presumably relevant to the issues involved in sentencing should be
permitted to do so."), judgment vacated by Crampton v. Ohio, 408
U.S. 941, 942 (1972); Hill, 368 U.S. at 429; Eisen, 40 S.W.3d at 634.
 Likewise, the Texas Court of Criminal Appeals has not interpreted the United
States Constitution as requiring such a right.  Lewis v. State, 815
S.W.2d 560, 568 (Tex. Crim. App. 1991) (en banc) (providing that
"[r]emorse following commission of a serious crime may well be a
circumstance tending in some measure to mitigate the degree of a criminal's
fault, but it must be presented in a form acceptable to the law of
evidence"); see also Garza v. State, No. AP-75,477, 2008 Tex. Crim.
App. Unpub. LEXIS 865, at *35 (Tex. Crim. App. Nov. 26, 2008) (not designated
for publication) (holding that a defendant does not "have a constitutional
right to make a statement of remorse free from cross-examination before punishment
ha[s] been assessed"); Garcia v. State, No. 13-10-00281-CR, 2010
Tex. App. LEXIS 8432, at *1-12 (Tex. App.–Corpus Christi, Oct. 21, 2010, pet.
filed) (mem. op., not designated for publication); Arguellez v. State,
No. 13-09-136-CR, 2009 Tex. App. LEXIS 7832, at *6-7 (Tex. App.–Corpus Christi,
Oct. 8, 2009, no pet.) (mem. op., not designated for publication).

In Eisen, the Waco Court of
Appeals addressed whether the right of allocution is of constitutional
dimension by discussing the incorporation of common-law rules into the United
States Constitution.  See 40 S.W.3d at 634-35.  Eisen holds that
the right of allocution has not achieved constitutional status and provides the
following explanation:

Many of the rights of an accused
that we take for granted because they are now recognized as constitutional
rights were, at common law, limited.  The common law did not guarantee that a
criminal defendant would have access to counsel, did not always permit a
defendant to testify, did not provide compulsory process to obtain witnesses,
and did not guarantee  that the accused could confront his accuser.  Because we
now guarantee those rights, an accused will be heard through his counsel and
will have access to witnesses who can aid his defense.

 

At the time article 42.07 comes
into play, legal matters on the record have already been brought to the court's
attention; factual matters relating to punishment have been presented through
the evidence. The limitations of that article are designed to allow the
defendant to bring to the court's attention legal bars to the imposition of
punishment that may not be of record, specifically including a pardon,
incompetency, and mistaken identity.  Tex.
Code Crim. Proc. Ann. 42.07.  Thus, we believe that the legislature's
limit to matters in bar of a sentence are reasonable and achieve a permissible
legislative objective.  See Silver v. Silver, 280 U.S. 117, 122, 50 S.
Ct. 57, 74 L. Ed. 221 (1929).

 

Id. at 635-36.  We agree with Eisen's
reasoning and conclude that allocution is not a constitutional right.  See
id.; Lewis, 815 S.W.2d at 568; see also Garza, 2008 Tex.
Crim. App. LEXIS 865, at *35; Garcia, 2010 Tex. App. LEXIS 8432, at *7; Allen
v. State, No. 11-05-00128-CR, 2006 Tex. App. LEXIS 5072, at *22 (Tex.
App.–Eastland June 15, 2006, no pet.) (mem. op., not designated for
publication).

Nevertheless, even assuming that the
right to allocute is constitutional, we would conclude that error, if any, is
harmless.  See Tex. R. App. P.
44.2(a).  At the sentencing hearing, Clifford had the right to present evidence
and argument to support a mitigation request.  While Clifford chose not to
testify, his wife of fourteen years did.  On appeal, Clifford does not indicate
that he wished to inform the trial court that he had been pardoned, was
incompetent, or had been misidentified following an escape.  See Tex. Code Crim. Proc. Ann. art. 42.07. 
Clifford also has not indicated what additional mitigating evidence he would
have raised if given the opportunity to address the trial court free from
cross-examination.  Accordingly, we could not conclude beyond a reasonable
doubt that the complained-of error, if any, contributed to the punishment
assessed.  See Tex. R. App. P.
44.2(a).

Clifford's first issue is overruled.

II. 
Constitutionality of Sentence

By his second issue, Clifford contends
that the sentence imposed "violates his U[.]S[.] constitutional right to
receive a sentence which is not more than necessary to accomplish all of the
objectives in the Texas Penal Code."  He argues that "a sentence
below the maximum statutory range would have been much more appropriate in this
case" and would still have accomplished all of the sentencing objectives
of the penal code.  See Tex.
Penal Code Ann. § 1.02 (Vernon 2003).  He also generally asserts
"that his substantive and procedural due process rights were violated when
the court imposed a sentence at the top end of the statutory range, in light of
the facts … established on the record."  See U.S. Const. amends. VIII, XIV.

A. 
Applicable Law

 

            The Texas Penal Code sets out the following
objectives of sentencing:

The general purposes of this code are to establish a
system of prohibitions, penalties, and correctional measures to deal with
conduct that unjustifiably and inexcusably causes or threatens harm to those
individual or public interests for which state protection is appropriate.  To
this end, the provisions of this code are intended, and shall be construed, to
achieve the following objectives:

 

  (1) to insure the public safety through:

 

     (A) the deterrent influence of the penalties
hereinafter provided;

 

     (B) the rehabilitation of those convicted of
violations of this code; and

 

(C) such punishment as may be
necessary to prevent likely recurrence of criminal behavior;

 

(2) by definition and grading
of offenses to give fair warning of what is prohibited and of the consequences
of violation;

 

(3) to prescribe penalties
that are proportionate to the seriousness of offenses and that permit
recognition of differences in rehabilitation possibilities among individual
offenders;

 

(4) to safeguard conduct that is
without guilt from condemnation as criminal;

 

(5) to guide and limit the
exercise of official discretion in law enforcement to prevent arbitrary or
oppressive treatment of persons suspected, accused, or convicted of offenses;
and

 

(6) to define the scope of
state interest in law enforcement against specific offenses and to systematize
the exercise of state criminal jurisdiction.

 

See Tex. Penal Code Ann. § 1.02.

 

"Save as limited by constitutional
provisions safeguarding individual rights, a State may choose means to protect
itself and its people against criminal violation of its laws. The comparative
gravity of criminal offenses and whether their consequences are more or less
injurious are matters for its determination."  Pennsylvania v. Ashe,
302 U.S. 51, 55-56 (1937); see Crawley v. State, 513 S.W.2d 62, 66 (Tex.
Crim. App. 1974) (holding that "[i]t is within the power of the State to
define as criminal conduct whatever acts it sees fit, so long as such acts bear
some reasonable relation to the needs of society and the safety and general
welfare of the public").  The Eighth Amendment provides that
"[e]xcessive bail shall not be required, nor excessive fines imposed, nor
cruel and unusual punishment inflicted" and is applicable to punishments
imposed by state courts through the Fourteenth Amendment's Due Process Clause.  U.S. Const. amends. VIII, XIV; Robinson
v. California, 370 U.S. 660, 667 (1962).  The Eighth Amendment does not
require strict proportionality between the crime and the sentence; rather, it
forbids extreme sentences that are "grossly disproportionate" to the
crime.  Ewing v. California, 538 U.S. 11, 21 (2003).  In general, Texas
courts have held that as long as the punishment assessed falls within the
statutory range, the punishment is not excessive.  See Jordan v. State,
495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Trevino v. State, 174 S.W.3d
925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

B. 
Analysis

Clifford's sentence falls within the
punishment range for second-degree felonies.  See Tex. Penal Code Ann. § 12.33(a) (Vernon
Supp. 2010) (providing that the applicable range of punishment for a
second-degree is imprisonment for "any term of not more than 20 years or
less than 2 years").  Although this normally does not end our inquiry, see
Winchester v. State, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet.
ref'd) (recognizing that a prohibition against a grossly disproportionate sentence
survives under the federal constitution apart from any consideration whether
the punishment assessed is within the statute's punishment range), Clifford
made no objection to his sentence either at the time of sentencing or in any
post-trial motion.  To preserve error for appellate review, a party must
present a timely objection to the trial court, state the specific grounds for
the objection, and obtain a ruling.  Tex.
R. App. P. 33.1(a).  By failing to specifically object in the trial
court or in a post-trial motion, Clifford has waived any error for our review.  See
Noland v. State, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007,
pet. ref'd) ("[I]n order to preserve for appellate review a complaint that
a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling
desired."); Trevino, 174 S.W.3d at 927-28 ("Because the
sentence imposed is within the punishment range and is not illegal, we conclude
that the rights [appellant] asserts for the first time on appeal are not so
fundamental as to have relieved him of the necessity of a timely, specific
trial objection.").  Moreover, even had Clifford preserved error,
punishment which falls within the limits prescribed by a valid statute, as in
this case, is not excessive, cruel, or unusual.  See Trevino, 174 S.W.3d
at 928.

We overrule Clifford's second issue.

III.
 Modification of Judgment

The trial court's judgment mistakenly
refers to section 21.22, a non-existent section of the penal code, instead of
section 21.11, as the statute concerning the offense of indecency with a child.
 See Tex. Penal Code Ann. §
21.11.  Because we have the necessary data and evidence for reformation, we
modify the trial court's judgment to reflect the correct statute for the
offense—Texas Penal Code section 21.11.  See id.; Tex. R. App. P. 43.2; Bigley v.
State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc).

IV. 
Conclusion

We affirm the trial court's judgment as
modified.

 

                                                                                         NELDA
V. RODRIGUEZ

                                                                                         Justice

 

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 9th

day of December,
2010.

                                                                                                                                                            









[1] We mention at the
outset that Clifford's arguments mirror those made in Garcia v. State.  See
No.
13-10-00281-CR, 2010 Tex. App. LEXIS 8432, at *1-12 (Tex. App.–Corpus Christi
Oct. 21, 2010, no pet. h.) (mem. op., not designated for publication).  Likewise,
our analysis follows this Court's precedent set out therein.  See id.  We also note that Clifford
states throughout his brief that his arguments are "foreclosed under current
law but [are] raise[d] … in an adversarial fashion for purposes of preserving
error for possible further review."

 





[2] Because this is a
memorandum opinion and the parties are familiar with the facts, we will not
recite them here except as necessary to advise the parties of the Court's
decision and the basic reasons for it.  See Tex. R. App. P. 47.4.

 





[3] Without further
argument, support, or analysis, Clifford also argues that the objectives of
Texas sentencing law, found in the penal code, cannot be accomplished without
affording the him an opportunity to allocute personally to the court prior to
imposition of sentence, apart from presenting evidence or testifying on the
stand.  See Tex. Penal Code Ann.
§ 1.02 (Vernon 2003).  We conclude that this argument is inadequately briefed. 
See Tex. R. App. P.
38.1(i).