

NUMBER 13-10-00256-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**MICHAEL CLIFFORD,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Vela
Memorandum Opinion by Justice Rodriguez**

Appellant Michael Clifford entered an open plea of guilty to one count of indecency

with a child and three counts of sexual assault of a child, without a plea agreement.    *See*

TEX. PENAL CODE ANN. §§ 21.11, 22.011 (Vernon Supp. 2010); *see also id.* §§ 21.11(d)

(setting out that indecency with a child is a second degree felony), 22.011(f) (identifying

sexual assault as a second degree felony). The trial court accepted Clifford's plea of guilty and, after hearing evidence, sentenced him to twenty years' imprisonment. By two issues, Clifford contends that: (1) article 42.07 of the Texas Code of Criminal Procedure is unconstitutional; and (2) his sentence "violates his U[.]S[.] constitutional due process right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." [1] We affirm the judgment as modified.

## I. ALLOCUTION

By his first issue, Clifford argues that article 42.07 of the Texas Code of Criminal Procedure "is unconstitutional in that it abridges a defendant's constitutional Due Process right under the United States [C]onstitution to directly address the court personally, apart from testifying, in mitigation of his sentence." *See* TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2006).

### A. Relevant Background[2]

Clifford called one witness in mitigation of his sentence and rested. During closing argument, Clifford's counsel asked that Clifford "be permitted to allocute without being subjected to cross-examination," and the State objected. The trial court later announced that it would allow the defense to re-open for Clifford to testify, but it would not

---

[1] We mention at the outset that Clifford's arguments mirror those made in *Garcia v. State*. *See* No. 13-10-00281-CR, 2010 Tex. App. LEXIS 8432, at *1-12 (Tex. App.–Corpus Christi Oct. 21, 2010, no pet. h.) (mem. op., not designated for publication). Likewise, our analysis follows this Court's precedent set out therein. *See id.* We also note that Clifford states throughout his brief that his arguments are "foreclosed under current law but [are] raise[d] … in an adversarial fashion for purposes of preserving error for possible further review."

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

allow Clifford to allocute without being subject to cross-examination. Clifford declined to testify.

## B. Standard of Review and Applicable Law

When considering the constitutionality of a statute, this Court begins with the presumption that the legislature has not acted unconstitutionally. *See Lawrence v. State*, 240 S.W.3d 912, 915 (Tex. Crim. App. 2007) (citing *State v. Moff*, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004)).

"'[A]llocution' refers to a trial judge's asking a criminal defendant to 'speak in mitigation of the sentence to be imposed.'" *Eisen v. State*, 40 S.W.3d 628, 631-32 (Tex. App.–Waco 2001, pet. ref'd) (quoting A DICTIONARY OF MODERN LEGAL USAGE 45 (Bryan A. Garner ed., 2d ed., Oxford 1995)). The origin of the common-law rule of allocution is unknown, *see id.*; however, some form of allocution has been codified in both the federal and Texas systems. *See* FED. R. CRIM. P. 32(i)(4)(A); TEX. CODE CRIM. PROC. ANN. art. 42.07. Article 42.07 of the Texas Code of Criminal Procedure provides:

> Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:
>
> 1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged;
>
> 2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and
>
> 3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has

been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to identity.

TEX. CODE CRIM. PROC. ANN. art. 42.07.

## C. Analysis

Clifford does not contend that any of article 42.07's three reasons for withholding pronouncement of sentence apply to him. *See id.* Instead, Clifford argues that the three reasons enumerated above overly restrict his due process right to directly address the court personally, apart from testifying, in mitigation of his sentence. *See id.* While asserting that the due process clause of the United States Constitution affords him the right to humanize his situation by personally addressing the court, similar to the right afforded to him in federal sentencing proceedings, *see* FED. R. CRIM. P. 32(i)(4)(A)(ii), Clifford acknowledges that neither Texas statutory law nor case law clearly extends the right for him to make a personal unsworn statement to the sentencing court. Clifford also notes that the United States Supreme Court has not clearly stated whether the denial of allocution constitutes a federal due process violation, *see Hill v. United States*, 368 U.S. 424, 428 (1962), and cites no case law that holds that allocution is a constitutional right.[3] *See McGautha v. California*, 402 U.S. 183, 218-19 (1971) ("This Court has not directly determined whether or to what extent the concept of due process of law requires that a criminal defendant wishing to present evidence or argument presumably relevant to the issues involved in sentencing should be permitted to do so."), judgment vacated by

---

[3] Without further argument, support, or analysis, Clifford also argues that the objectives of Texas sentencing law, found in the penal code, cannot be accomplished without affording the him an opportunity to allocute personally to the court prior to imposition of sentence, apart from presenting evidence or testifying on the stand. *See* TEX. PENAL CODE ANN. § 1.02 (Vernon 2003). We conclude that this argument is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

4

*Crampton v. Ohio*, 408 U.S. 941, 942 (1972); *Hill*, 368 U.S. at 429; *Eisen*, 40 S.W.3d at 634. Likewise, the Texas Court of Criminal Appeals has not interpreted the United States Constitution as requiring such a right. *Lewis v. State*, 815 S.W.2d 560, 568 (Tex. Crim. App. 1991) (en banc) (providing that "[r]emorse following commission of a serious crime may well be a circumstance tending in some measure to mitigate the degree of a criminal's fault, but it must be presented in a form acceptable to the law of evidence"); *see also Garza v. State*, No. AP-75,477, 2008 Tex. Crim. App. Unpub. LEXIS 865, at *35 (Tex. Crim. App. Nov. 26, 2008) (not designated for publication) (holding that a defendant does not "have a constitutional right to make a statement of remorse free from cross-examination before punishment ha[s] been assessed"); *Garcia v. State*, No. 13-10-00281-CR, 2010 Tex. App. LEXIS 8432, at *1-12 (Tex. App.–Corpus Christi, Oct. 21, 2010, pet. filed) (mem. op., not designated for publication); *Arguellez v. State*, No. 13-09-136-CR, 2009 Tex. App. LEXIS 7832, at *6-7 (Tex. App.–Corpus Christi, Oct. 8, 2009, no pet.) (mem. op., not designated for publication).

In *Eisen*, the Waco Court of Appeals addressed whether the right of allocution is of constitutional dimension by discussing the incorporation of common-law rules into the United States Constitution. *See* 40 S.W.3d at 634-35. *Eisen* holds that the right of allocution has not achieved constitutional status and provides the following explanation:

> Many of the rights of an accused that we take for granted because they are now recognized as constitutional rights were, at common law, limited. The common law did not guarantee that a criminal defendant would have access to counsel, did not always permit a defendant to testify, did not provide compulsory process to obtain witnesses, and did not guarantee that the accused could confront his accuser. Because we now guarantee those rights, an accused will be heard through his counsel and will have access to witnesses who can aid his defense.

5

At the time article 42.07 comes into play, legal matters on the record have already been brought to the court's attention; factual matters relating to punishment have been presented through the evidence. The limitations of that article are designed to allow the defendant to bring to the court's attention legal bars to the imposition of punishment that may not be of record, specifically including a pardon, incompetency, and mistaken identity. TEX. CODE CRIM. PROC. ANN. 42.07. Thus, we believe that the legislature's limit to matters in bar of a sentence are reasonable and achieve a permissible legislative objective. *See Silver v. Silver*, 280 U.S. 117, 122, 50 S. Ct. 57, 74 L. Ed. 221 (1929).

*Id.* at 635-36. We agree with *Eisen*'s reasoning and conclude that allocution is not a constitutional right. *See id.*; *Lewis*, 815 S.W.2d at 568; *see also Garza*, 2008 Tex. Crim. App. LEXIS 865, at \*35; *Garcia*, 2010 Tex. App. LEXIS 8432, at \*7; *Allen v. State*, No. 11-05-00128-CR, 2006 Tex. App. LEXIS 5072, at \*22 (Tex. App.–Eastland June 15, 2006, no pet.) (mem. op., not designated for publication).

Nevertheless, even assuming that the right to allocute is constitutional, we would conclude that error, if any, is harmless. *See* TEX. R. APP. P. 44.2(a). At the sentencing hearing, Clifford had the right to present evidence and argument to support a mitigation request. While Clifford chose not to testify, his wife of fourteen years did. On appeal, Clifford does not indicate that he wished to inform the trial court that he had been pardoned, was incompetent, or had been misidentified following an escape. *See* TEX. CODE CRIM. PROC. ANN. art. 42.07. Clifford also has not indicated what additional mitigating evidence he would have raised if given the opportunity to address the trial court free from cross-examination. Accordingly, we could not conclude beyond a reasonable doubt that the complained-of error, if any, contributed to the punishment assessed. *See* TEX. R. APP. P. 44.2(a).

6

Clifford's first issue is overruled.

## II. CONSTITUTIONALITY OF SENTENCE

By his second issue, Clifford contends that the sentence imposed "violates his U[.]S[.] constitutional right to receive a sentence which is not more than necessary to accomplish all of the objectives in the Texas Penal Code." He argues that "a sentence below the maximum statutory range would have been much more appropriate in this case" and would still have accomplished all of the sentencing objectives of the penal code. *See* TEX. PENAL CODE ANN. § 1.02 (Vernon 2003). He also generally asserts "that his substantive and procedural due process rights were violated when the court imposed a sentence at the top end of the statutory range, in light of the facts … established on the record." *See* U.S. CONST. amends. VIII, XIV.

### A. Applicable Law

The Texas Penal Code sets out the following objectives of sentencing:

The general purposes of this code are to establish a system of prohibitions, penalties, and correctional measures to deal with conduct that unjustifiably and inexcusably causes or threatens harm to those individual or public interests for which state protection is appropriate. To this end, the provisions of this code are intended, and shall be construed, to achieve the following objectives:

(1) to insure the public safety through:

(A) the deterrent influence of the penalties hereinafter provided;

(B) the rehabilitation of those convicted of violations of this code; and

(C) such punishment as may be necessary to prevent likely recurrence of criminal behavior;

(2) by definition and grading of offenses to give fair warning of what is prohibited and of the consequences of violation;

(3) to prescribe penalties that are proportionate to the seriousness of offenses and that permit recognition of differences in rehabilitation possibilities among individual offenders;

(4) to safeguard conduct that is without guilt from condemnation as criminal;

(5) to guide and limit the exercise of official discretion in law enforcement to prevent arbitrary or oppressive treatment of persons suspected, accused, or convicted of offenses; and

(6) to define the scope of state interest in law enforcement against specific offenses and to systematize the exercise of state criminal jurisdiction.

*See* TEX. PENAL CODE ANN. § 1.02.

"Save as limited by constitutional provisions safeguarding individual rights, a State may choose means to protect itself and its people against criminal violation of its laws. The comparative gravity of criminal offenses and whether their consequences are more or less injurious are matters for its determination." *Pennsylvania v. Ashe*, 302 U.S. 51, 55-56 (1937); *see Crawley v. State*, 513 S.W.2d 62, 66 (Tex. Crim. App. 1974) (holding that "[i]t is within the power of the State to define as criminal conduct whatever acts it sees fit, so long as such acts bear some reasonable relation to the needs of society and the safety and general welfare of the public"). The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted" and is applicable to punishments imposed by state courts through the Fourteenth Amendment's Due Process Clause. U.S. CONST. amends. VIII, XIV; *Robinson v. California*, 370 U.S. 660, 667 (1962). The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather, it forbids

8

extreme sentences that are "grossly disproportionate" to the crime. *Ewing v. California*, 538 U.S. 11, 21 (2003). In general, Texas courts have held that as long as the punishment assessed falls within the statutory range, the punishment is not excessive. *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

## B. Analysis

Clifford's sentence falls within the punishment range for second-degree felonies. *See* TEX. PENAL CODE ANN. § 12.33(a) (Vernon Supp. 2010) (providing that the applicable range of punishment for a second-degree is imprisonment for "any term of not more than 20 years or less than 2 years"). Although this normally does not end our inquiry, *see Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd) (recognizing that a prohibition against a grossly disproportionate sentence survives under the federal constitution apart from any consideration whether the punishment assessed is within the statute's punishment range), Clifford made no objection to his sentence either at the time of sentencing or in any post-trial motion. To preserve error for appellate review, a party must present a timely objection to the trial court, state the specific grounds for the objection, and obtain a ruling. TEX. R. APP. P. 33.1(a). By failing to specifically object in the trial court or in a post-trial motion, Clifford has waived any error for our review. *See Noland v. State*, 264 S.W.3d 144, 151 (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd) ("[I]n order to preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds

9

for the ruling desired."); *Trevino*, 174 S.W.3d at 927-28 ("Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [appellant] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection.").   Moreover, even had Clifford preserved error, punishment which falls within the limits prescribed by a valid statute, as in this case, is not excessive, cruel, or unusual.   *See Trevino*, 174 S.W.3d at 928.

We overrule Clifford's second issue.

### III.   MODIFICATION OF JUDGMENT

The trial court's judgment mistakenly refers to section 21.22, a non-existent section of the penal code, instead of section 21.11, as the statute concerning the offense of indecency with a child.   *See* TEX. PENAL CODE ANN. § 21.11.   Because we have the necessary data and evidence for reformation, we modify the trial court's judgment to reflect the correct statute for the offense—Texas Penal Code section 21.11.   *See id.*; TEX. R. APP. P. 43.2; *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993) (en banc).

### IV.   CONCLUSION

We affirm the trial court's judgment as modified.


NELDA V. RODRIGUEZ
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 9th
day of December, 2010.

10